## E. R. Hotelling v. City of Chicago.

1. CITIES AND VILLAGES—*Power to License Second-Hand Stores.*—A city, organized under the general law, has power to license second-hand stores, but it can not require a separate license for each article in which such store deals.

**Debt,** for a violation of an ordinance.   Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.   Heard in this court at the March term, 1896.   Reversed.   Opinion filed June 19, 1896.

### STATEMENT OF THE CASE.

The city council of the city of Chicago, on December 2, 1895, passed an ordinance prohibiting any person, firm or corporation from dealing in second-hand bicycles, repairing bicycles, storing, or. in any way handling second-hand bicycles in the city of Chicago without having been licensed thereto by the appellee, under a penalty of not less than $20 nor more than $200 for the first offense, and for a second and subsequent offense not less than $50 nor more than $200.

On February 6, 1896, the city commenced suit in debt against the appellant in the Circuit Court of Cook County, charging him with a violation of the ordinance.   The declaration contained four counts, each count setting forth the ordinance in full and charging that the appellant, not being licensed as provided in the said ordinance, was engaged in and carried on the following business :

First.   Of dealing in second-hand bicycles.

Second.   Of repairing bicycles.

Third.   Of storing second-hand bicycles.

Fourth.   Of handling second-hand bicycles, to wit, exchanging second-hand bicycles.

To the first count the appellant filed the plea of *nil debet*, and a special plea setting forth *in haec verba* a certain other ordinance of the appellee, in force at the time of the passage of the ordinance in question and at the time of beginning of this suit, which prohibits any person from carrying on the business of a dealer in second-hand furniture, household goods, or other articles, without being specially licensed for such purposes under a penalty of $50 for each offense, and that the business of dealing in second-hand bicycles was embraced in and a part of the business of dealing in second-hand furniture, household goods and other articles as the same was carried on in the city of Chicago.

The city filed a demurrer to the special plea, which was sustained. The court also sustained a demurrer to the second, third and fourth counts of the declaration.

The case was then tried on the first count and the plea of *nil debet*, with a stipulation of facts. The court found the issues thereon for the city and entered judgment against the appellant for $20.

BABCOCK & LEIGHTON, attorneys for appellant.

The city of Chicago has no power to declare unlawful the business of repairing bicycles, storing second-hand bicycles or handling second-hand bicycles, nor to require the payment of a license fee for engaging in such business. A municipality has no power to pass an ordinance licensing a business unless the power has been expressly given it in the particular instance. City of Cairo v. Bross, 101 Ill. 475; City of Chicago v. Keim, 46 Ill. App. 445; Emmons v. City of Lewiston, 132 Ill. 380; Huesing v. City of Rock Island, 128 Ill. 465.

The general police power can not be invoked to sustain such an ordinance, even though an evil exists and the business calls for police supervision. Emmons v. City of Lewiston, 132 Ill. 380; Shuman v. City of Fort Wayne, 127 Ind. 109; Barling v. West, 29 Wis. 307; Village of Cerro Gordo v. Rawlings, 135 Ill. 36.

The city of Chicago has no power to classify second-hand stores according to the articles bought and sold therein, nor require a license to be taken out for each kind of merchandise. City of Cairo v. Feuchter, 159 Ill. 155; Vosse v. City of Memphis, 77 Tenn. 294.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for, and recovered, the penalty provided by an ordinance prohibiting various acts as to bicycles—*inter alia*—" the business of dealing in second-hand bicycles," without license.

The city has authority to license second-hand stores, but may it require one license for dealing in second-hand shoes

—another for each ·separate article of clothing, furniture, etc., in which second-hand stores deal ?

The absurdity of the logical result, if it be held that separate licenses for every article may be required, is conclusive against the power.

The demurrer to the plea of the appellant setting up the general ordinance for licensing second-hand dealers should have been overruled.

---

In the original opinion cross-errors assigned by the city not having been alluded to, the parties now ask that they be decided.

Besides " dealing in," the ordinance prohibited " repairing bicycles, storing, or in any way handling second-hand bicycles " as a business, without license.

The declaration contained three counts besides the one upon which judgment was rendered, charging violations of these parts of the ordinance.

To these counts the courts rightly sustained demurrers, and upon them rightly entered judgment for the appellant.

That a municipality can ordain only what is within the power conferred by the legislature, is familiar law.    Smith v. McDowell, 148 Ill. 51.

Nowhere has authority been conferred to single out bicycles as a special exception from general regulations affecting industry or commerce.

The cross-errors are overruled.

The judgment is reversed.