CASE 16—ACTION BY F. P. TOOF, &C., AGAINST JAMES McNULTY AND
OTHERS, INVOLVING THE VALIDITY OF A CITY ORDINANCE, RESTRICT-
ING THE SALE OF LIQUORS, &C.,—JUNE 20.

# McNulty and Others v. Toof and Others.

### APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

MUNICIPAL CORPORATIONS—ORDINANCES—VALIDITY—TITLE—SUFFICIEN-
CY—ADOPTION—RECORDS—POLICE POWERS—INTOXICATING LIQUORS
—CLOSING SALOONS—PENALTIES—ACTION—PLEADING.

Held: 1. An ordinance entitled an ordinance prohibiting the dispens-
ing of spirituous liquors during certain hours, closing saloons,
coffee houses, and like places of business during such period, and
requiring the removal of obstructions to the interior view from
saloons, coffee houses, or like places of business, is not repug-
nant to Kentucky Statutes, section 3059, providing that no ordi-
nance shall embrace more than one subject which shall be ex-
pressed in the title.

2. Under Kentucky Statutes, section 3058, conferring power on cer-
tain cities to regulate the selling or giving away of spirituous
liquors by any person within the city other than those duly li-
censed, and to pass such ordinances as may be expedient in main-
taining the peace, good government, health, and welfare of the
city, an ordinance prohibiting the dispensing of spirituous liquors
between certain hours of the night, requiring the closing of sa-
loons, and the removal of obstructions from the interior view of
saloons, is authorized.

3. A provision in the ordinance prohibiting druggists from dispensing
spirituous liquors between certain hours of the night is invalid,
a druggist not being permitted to dispense liquors at any time as
a drink.

4. The ordinance, in prohibiting wholesale liquor dealers from dis-
pensing liquors during certain hours, is invalid.

5. An ordinance, in declaring that the entrance or exit of any person
from any saloon during the hours specified that same should be
closed should be prima facie evidence of its violation is invalid,
as an attempt to legislate on the weight and effect of evidence.

6. Where the invalid provisions of an ordinance can be eliminated
without affecting the remainder, it will not be invalid in toto.

7. In an action for the penalty for violating an ordinance requiring the closing of saloons, an answer controverting the validity of the ordinance because it had not been published as required by Kentucky Statutes, section 3045, may be filed, and the question of fact investigated.

8. Under Kentucky Statutes, section 3063, providing that the general council shall cause all ordinances passed by them to be fairly recorded in the journal of proceedings, an answer in an action for the penalty for violating an ordinance averring that the ordinance was not recorded in the journal on the days it passed the respective houses is insufficient, as it does not aver that the proceedings of the board were not recorded at all.

THOS. E. MOSS, ATTORNEY FOR APPELLANTS.

This action was begun in the court below on an *ex parte* petition filed by F. P. Toof and others to test the validity of an ordinance of the city of Paducah.

James McNulty and Chas. Graham, who are saloonkeepers in said city, asked leave to be made parties, as the ordinances had been attempted to be enforced in the police court of Paducah against them, and they were made parties by leave of court and filed a general demurrer to the petition, and four days later the court rendered a judgment overruling their demurrer, and they then tendered an answer which the court refused to allow filed.

We contend the court erred, first, in holding the said ordinance, or any part thereof, valid; and, second, in refusing to allow answer to be filed.

The answer shows that the ordinance in question was never recorded in the journal of the proceedings of the general council as required by sections 3045 and 3063, Kentucky Statutes, which are parts of the charter of cities of the second class, and which fact would have been clearly established by the proof.

The answer also alleged that the ordinance had never been published in any daily newspaper, as required by said section 3045.

We contend that the ordinance is invalid for two reasons: 1. Because in violation of section 3059, Kentucky Statutes, which provides that "no ordinances shall embrace more than one subject and that shall be expressed in the title;" and (2) Because in its provisions it is oppressive, partial, and unreasonable.

The title to the ordinance embraces two subjects, which are not related, and have no logical connection one with the other. The provisions in the title which forbid the selling or giving away liquors between certain hours, and those which provide for the removal of all obstructions to an interior view for certain days

have no sort of connection whatever, and surely embrace more than one legislative subject.

Where at first blush an ordinance strikes the judicial mind as being unfair, unreasonable, and oppressive, the court should not hesitate to hold it a nullity.

### AUTHORITIES CITED.

City of Covington v. Ludlow, 1 Met., 295; Kentucky Statutes, sections 3045, 3063; City of Louisville v. McKegney, 7 Bush, 651; Dillon Mun. Cor. Vol, 1, sec. 331; Black Con. Law, p. 288; Hinds v. Rice, 10 Bush, 528; Kniper v. City of Louisville, 7 Bush, 603; Simrall v. City of Covington, 12 Rep., 404; Anderson v. City of Wellington, 40 Kan., 173; People v. Armstrong, 16 Am. St. Rep., 574;; Phillips v. Denver, 41 Am. St. Rep., 230; Steffy v. Monroe City, 41 Am. St. Reps., 436; Gastineau v. Commonwealth, 22d Rep., 157; Heckinger v. City of Maysville, 22d Rep., 487; State v. Webber, 22d Am. St. Reps., 920.

REED & BERRY, ATTORNEYS FOR APPELLEE.          —   .

No constitutional question is involved in this appeal, as we understand it, but the only question is, whether the ordinance conforms to that provision of section 3059, which reads as follows: "No ordinance shall embrace more than one subject and that shall be expressed in the title."

We insist that the title of the ordinance does not embrace but one subject, and that might well have been expressed in the following language: "An ordinance to regulate, or further regulate, the sale of spirituous, vinous and malt liquors in the city of Paducah."

The title to this ordinance is unnecessarily extended, but still it relates to only the regulation of the sale of liquors in the city of Paducah.

If it be conceded, which we do not, that sections 4 and 5 thereof are an unreasonable exercise of police power, and that the ordinance is, to that extent, invalid, yet the remaining sections being in accord with the title, are valid.

The validity of a law should always be favored by the court, and when in doubt the court should hold it valid.

The court below properly refused to allow McNulty & Graham to file their answer, because it contained nothing that the court could take cognizance of.

The contention of the appellants that the ordinance was not in force, because certain directory requirements as to spreading same on the record and its publication, could not be raised in this case.

McNulty et als. v. Toof et als.

AUTHORITIES CITED.

Allen v. Hall, 14 Bush, 85; Phillips v. Covington Bridge Co., 2 Met., 222; Gale, &c., v. Owen County, 83 Ky., 61; Hines v. Rice, 10 Bush, 528; Lafferty, &c., v. Huffin, &c., 99 Ky., 82.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

This proceeding and appeal involves the validity of the following ordinance, passed by the general council of the city of Paducah, a city of the second class:

"An ordinance prohibiting the selling, dispensing or giving away of any spirituous, vinous or malt liquors, between the hours of 10:30 o'clock p. m. and 5 o'clock a. m.; closing saloons, coffee houses and like places of business during said hours; providing for the removal of obstructions to an interior view from the exterior and front of any building occupied by a saloon, coffee house or like business or calling, on certain days and certain hours, and prescribing penalties for violation of its provisions.

"Be it ordained by the General Council of the City of Paducah, Ky.

"Section 1. That it shall be unlawful for any saloon, coffee house or other place where spirituous, vinous or malt liquors are sold by the drink in the city of Paducah, to sell, offer for sale or give away either or any of said liquors between the hours of 10:30 p. m. and 5 o'clock a. m.

"Sec. 2. That each and every saloon, coffee house or other place where spirituous, vinous or malt liquors are sold by the drink, in the city of Paducah, shall be tightly closed, front, side and rear, at 10:30 o'clock p. m. and the same shall not be reopened until 5 o'clock a. m. the succeeding morning, and the entrance to or exit from any saloon, coffee house or other place where spirituous, vinous or malt liquors are sold by the drink in the city of Paducah by any person or persons during the time herein specified that

same shall be closed shall be held as *prima facie* evidence of a violation of this section.

"Sec. 3. That whereas the police of the city are deterred by the regulations governing the police department from entering the saloons, each and every saloon, coffee house or other place where spirituous, vinous or malt liquors are sold by the drink in the city of Paducah, shall in the front doors and front partitions of same, hoist all blinds, open all screens, remove stained glass or frosted windows, and remove boxes or merchandise, and any other matter or thing which may obstruct the view of the interior of such place from the front of thereof on all days now fixed by the State law that these places shall be closed, and between the hours of 10:30 p. m. and 5 o'clock a. m. as provided for closed hours in the preceding section.

"Sec. 4. That it shall be unlawful for any druggist, grocery-man, wholesale liquor dealer, or other person, to dispense, sell or give away any spirituous, vinous or malt liquors between the hours of 10:30 o'clock p. m. and 5 o'clock a. m.

"Sec. 5. That for the violation of any of the provisions of any of the foregoing sections, the offender, upon conviction of the first offense, shall be fined any amount not less than ten dollars ($10.00) nor more than fifteen dollars ($15.00) ; upon the conviction of the second offense, the offender shall be fined in any amount not less than fifty dollars ($50.00) nor more than sixty dollars ($60.00) ; upon conviction of the third offense, the offender shall be fined in any amount not less than seventy-five dollars ($75.00) nor more than one hundred dollars ($100.00), and in addition thereto the license to sell spirituous, vinous or malt liquors, in the city of Paducah, issued to such offending person, or firm, shall be forfeited.

"Sec. 6. That all ordinances, or parts of ordinances, conflicting with any of the provisions of this ordinance, are to the extent of such confliction, hereby repealed, and this ordinance shall take effect from and after its passage and approval.

"Adopted by the Council, Nov. 17th, 1902.

"Chas. Reed, Prest.

"Adopted by the Board of Aldermen, Dec. 4th, 1902.

"Chas. Q. C. Leigh, Prest.

"Approved Dec. 19th, 1902.   D. A. Yeiser, Mayor."

The first objection to the ordinance is, it is claimed, that its title embraces more than one subject, and is therefore repugnant to section 3059 of the statutes, namely: "No ordinance shall embrace more than one subject, and that shall be expressed in the title." The court is of the opinion that the fact that the subject-matter is detailed in the title more minutely than is necessary does not invalidate the ordinance. Allen v. Hall, 14 Bush, 85. What this title really means, and the sum of it is, that the ordinance is one "to further regulate the sale of spirituous, vinous and malt liquors in the city of Paducah." The main objection to the provisions of this ordinance is, it is argued, that it is an improper exercise of the police power of the State. Among the powers conferred upon the municipalities of cities of the second class is that (subsection 10, section 3058, Kentucky Statutes): "To restrain, regulate and prohibit the selling or giving away of any spirituous, vinous or malt liquors, by any person within the city other than those duly licensed; to forbid and punish the selling or giving away of any spirituous, vinous or malt liquor to any woman, minor or habitual drunkard." Subsection 23, section 3058: "To impose, enforce and collect fines, forfeitures and penalties for the breach of any provision of this act or any ordin-

ance. . . ." Subsection 25, section 3058: "To pass all such ordinances, not inconsistent with the provisions of this act, or the laws of the State, as may be expedient in maintaining the peace, good government, health and welfare of the city, its trade, commerce and manufactures, and to enforce same by fines and penalties; and any enumeration of subjects and matters herein to be regulated shall not be construed as a limitation upon this general power." The State has a right to determine what employments or business shall be permitted, and to forbid those which are deemed prejudicial to the public good. Under this right it forbids the keeping of gambling houses and other places where games of chance or skill are played for money, the keeping for sale of indecent books and pictures, and the keeping of houses of prostitution and the resort thereto, and in some States the sale of intoxicating drinks as a beverage. These several kinds of business have a tendency which is injurious and demoralizing; and this tendency is recognized even in States where they are not forbidden, and they are subjected to regulations with a view to reducing their evils to a minimum." Cooley's Constitutional Limitations, 743. Under this general power of the State to regulate the traffic in such articles and such employments as are deemed to be deleterious to the public peace, welfare or morals, there has been delegated expressly to the municipality, of which Paducah is one of the class, the power to likewise regulate the same within its borders. The keeping open of saloons and resorts where intoxicating liquors are sold as a beverage, or where tippling is indulged between the hours of 10:30 at night and 5 o'clock in the morning, is a matter that may be regulated by the municipality under the grant of the police power above conferred upon it by the State. Nor is it an unreasonable regulation, or beyond the fair

exercise of this power, for the municipality to require not only that these places should be closed between the hours mentioned, but that at such times as they are by the laws of the State or the ordinances of the municipality required to be closed the operators shall in the front door and front partitions of their business houses hoist all blinds, open all screens, remove stained glass or frosted windows, and remove such obstacles as may obstruct the view of the interior from the front thereof. Under a statute conferring substantially the same powers upon cities of the fourth class regarding the restraining and punishing of vagrants and prostitutes and whoremongers, it was held by this court (Dunn v. Com., 105 Ky., 834, 20 R., 1649, 49 S. W., 813, 43 L. R. A., 701, 88 Am. St. Rep., 344) that it was a fair exercise of the police power to prohibit prostitutes from being found on the streets between the hours of 7 o'clock p. m. and 4 o'clock a. m., except in instances of reasonable necessity.

Concerning the inhibition of a druggist dispensing spirituous, vinous or malt liquors between the hours of 10:30 p. m. and 5 o'clock a. m., we are of opinion that the ordinance is invalid. The druggist is not permitted to dispense or sell spirituous, vinous or malt liquors at any time by the drink or as a beverage. It must be disposed of only as a medicine, and generally upon prescription. It may be important, and, indeed, necessary, that this right of the druggist to lawfully dispose of this ware at any time of the day or night should be unrestricted by such interference. Nor is it a reasonable exercise of the police power of the State to prohibit wholesalers of liquors from moving or disposing of their wares at wholesale, not to be drunk on the premises or adjacent premises, at any hour that may best suit the convenience of the parties.

Vol. 13—14

We are also of the opinion that, while the State might, by statute, make the fact that persons during the time when the keeping open of saloons and such places is prohibited are seen to enter or leave them *prima facie* evidence of the violation of the act (Piqua v. Zimmerlin, 35 Ohio St., 507), we are unable to find where the State has delegated to the municipality the right to legislate upon the question of evidence, and of its weight and effect before the courts. The provision in the ordinance making such fact *prima facie* evidence of the violation of the act is invalid. In other respects, except the three specifically mentioned, the court is of opinion that the ordinance is not violative of any term of the Constitution or statute law of this State. As the objectionable features may be eliminated without affecting the remainder of the ordinance, it will not be held invalid in other respects because of their presence.

Appellants McNulty and Graham, saloon keepers, tendered and offered to file an answer controverting the validity of the ordinance upon the ground that it had not been published as required by section 3045, Kentucky Statutes, which requires such publication before an ordinance shall be in force. If the publication has not been made in fact as required by the statute, then the ordinance would not be enforced. The answer should have been permitted to be filed, and the question of fact that it presented investigated. However, there is no limitation as to when the ordinance should be published. We are of opinion that it would become effective from the time that it was or shall be published as provided in that section.

A further complaint is made in the answer of McNulty and Graham that the ordinance "was never recorded into the journal of the proceedings of the board of council of

date November 17, 1902, or November 3, 1902, nor was it recorded in the journal of proceedings of the board of aldermen on November 20, 1902, or December 4, 1902." Those were the dates at which the ordinance had its first and second readings, respectively, and was put upon its passage in the two houses of the city council. Section 3045, Kentucky Statutes, also provides "each board shall keep a correct journal of its proceedings," and section 3063: "The general council shall cause all ordinances, resolutions and by-laws passed by them to be fairly recorded in the journal of proceedings. After the adjournment of any session of either house, all of the original ordinances and all resolutions which may have become laws thereat shall be filed with the auditor, who shall record the same in well-bound books provided for the purpose by the city: provided, that no ordinance shall be recorded until it shall have become a law." The averment of the answer upon this subject is merely that the ordinance was not recorded in the journal on the days at which it is said to have been passed by the respective houses of the council. It is not averred that the proceedings of the board were not recorded upon the journals of the two bodies at all. We are of opinion that, if the proceedings were enrolled upon the journals, and thereafter approved by the bodies whose action they represented, and signed by their respective presiding officers, the requirements of the section would have been complied with.

The judgment is reversed, and this cause remanded, with directions for proceedings consistent herewith.