CASE 47.—PROCEEDINGS AGAINST THE SEELBACH HOTEL
     COMPANY FOR SELLING LIQUORS ON SUNDAY.—
     November 11, 1909.

## Seelbach Hotel Co. v. Commonwealth

Appeal from Jefferson Circuit Court (Criminal Division).

JOSEPH PRIOR, Judge.

Defendant convicted and appeals.—Affirmed.

Intoxicating Liquors—Sunday Sales—Inkeepers.—An inkeeper, not being exempt from Ky. St. Sec. 1304, by which no one can sell intoxicating liquors without a license, violates section 1303, declaring it an offense to sell such liquor on Sunday by serving it with a Sunday meal, though an inkeeper's ordinary business is one of necessity within Sunday closing acts.

GIBSON, MARSHALL & GIBSON and KOHN, BAIRD, SLOSS & KOHN for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for Commonwealth.

No Briefs—record misplaced.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

This is an appeal from a judgment of conviction against appellant in a penal action instituted for four alleged violations of section 1303, Ky. St., which section reads as follows: "Any person who shall, on Sunday, keep open a barroom or other place for the sale of liquors, or who shall sell or otherwise dispose of such liquors, or any of them on Sunday, shall be fined not less than ten nor more than fifty dollars

for each offense.  The case was submitted and decided
in the circuit court upon an agreed state of facts,
disclosing:  That the appellant was at the time men-
tioned in the petition (on a Sunday) a duly licensed
hotel and inn keeper in the city of Louisville, and
operating its hotel in good faith, having all the es-
sentials and conveniences to enable it to do, so.  That
appellant also had a bar attached to its hotel, but
that on the occasion named the bar was closed.  That
appellant furnished a guest at its hotel, who was a
citizen of Louisville and came to the hotel for his
dinner, a quart of champagne as a part of his dinner,
partaken of by him and his friends who accompanied
him; to another guest, who was a traveling salesman
from New York, a cocktail and a pint of white wine
as a part of his dinner; to another guest, who was
then living in the hotel, as part of his dinner, a pint
of claret; to another guest, then living in the hotel as
a guest, as a part of his supper, a mug of beer.  That
the liquors were ordered by the guests as parts of
their meals and were served to them in good faith as
parts of their entertainment, ''and that said persons,
according to their mode of living, manner, and habits,
required and generally took for and as a part of their
meals as a beverage liquors, and they had acquired
the habit of drinking, instead of coffee or tea, such
liquors with their meals, and it was necessary for
them to have the same for their comfort and habits.''

It was further agreed that such habits and customs
existed with a large number of people who patron-
ized that hotel, became its guests, and took their
meals therein.  This additional statement was incor-
porated in the stipulation of facts:  ''That there has
been a statute in this state, differing in character, for-
bidding labor and doing business on the Lord's Day,

or Sunday, for more than 100 years, and that under all the statutes in this state, during all of said time, hotels and innkeepers have been permitted to serve their guests with liquors at their meals, and it was never attempted to enforce any statute against them, exercising such rights, although several statutes of this state on this subject has been enforced at various times that they never have been considered as applicable to hotels and innkeepers and never have been sought to be enforced against them until recently within a year or 18 months past.''

That the sale of intoxicating liquors is a subject for the state's police regulation is no longer an open question. Anderson v. Commonwealth, 13 Bush, 485. In this state no person has the right to sell such liquors at all as a matter of right, nor until they shall have been granted a license by the state to do so. Section 1304, Ky. St. This regulation applies as well to innkeepers as to other people. If the state may regulate the sale and to that end may require a license to be obtained by the vendor as a prerequisite to his engaging in the business, it is equally competent for the state to regulate the times during which the privilege secured by the license may be exercised, and the places where liquors may be sold, and the persons to whom they may not be sold. It is probably true that the reason Sunday is excepted from the times when liquors may be sold in this state was in deference to the religious views of a vast number of people; but whether that was the reason, or not, or whether it was to enforce a day of rest and quiet as tending to enhance public health and peace, or whatever the reason, it was competent for the Legislature to prohibit the sale on that day in the exercise of the police power of the state.

For that matter it was equally competent to have prohibited the sale on Monday or Saturday, or election days, as is done (section 1575, Ky. St.), or to require the selling to cease at midnight of every day (McNulty v. Toof, 116 Ky. 202, 75 S. W. 258, 25 Ky. Law Rep. 430). Sales to minors are forbidden (Section 1306, Kentucky Statutes), as are sales to inebriates (Sec. 1307). Could it be successfully urged that these provisions against selling to minors and inebriates are not applicable to tavern keepers? In this state local option may be voted by any town, county, or precinct. Section 61, Const. If such territory votes "dry," and if by the term of the vote druggists are included, then no one can sell liquor in such territory by retail. Such is the unqualified prohibition of the statute. Section 2557a, Ky. St. In none of these statutes are innkeepers excepted. Wholesale dealers selling their own product at place of manufacture by wholesale and physicians are expressly excepted. If the Legislature had intended to except others, they would have been named.

It is idle to argue that as some people habitually drink wines, beer, or other liquors with their meals, instead of coffee or tea the innkeeper must provide these guests with what they demand. Unless the innkeeper is licensed to sell liquors, he cannot lawfully do it, no matter what the tastes or habits of his guests may be; and, if his license does not permit him to sell liquors on Sunday (and it does not), it is as unlawful for him to do so as it would be to sell them on Monday without any license. Appellant's contention is, in short, that innkeepers are, by reason of the customary requirements of their calling, excepted from the operation of the Sunday statute (section 1303, supra), because their guests are themselves not

prohibited from drinking liquors at their own tables on Sunday; but it does not.follow.  Granted that a man may drink what he .pleases at his. own table on Sunday, nevertheless sales to him of liquors on that day are prohibited.  Whether he buys from the bar, or the merchant, or the druggist, or the tavern, the sale is forbidden.  The drinking is not.  When the tavern keeper sells his guest a mug of beer on Sunday, the act is as clearly within the prohibition, of the letter and terms of the statute. as if the. sale had been by the barkeeper.

Nor do we regard the act set out in the stipulation as to the construction of the. Sunday closing statute for the past hundred years of any significance in this case.  If one's ordinary business is a necessity (which a tavern keeper's is), he is not within such statute.  If his business is not prohibited, the.statute would not apply at all.  For example, some sorts of traveling on Sunday are regarded as necessary. On that ground the operation of a railroad train was allowed as not contravening the Sunday closing statute.  Commonwealth v. L. & N. R. R. Co., 80 Ky. 298, 3 R. 788, 44 Am. Rep. 475.  But if the railroad company carried passengers upon whom there was no urgency for going on that day, it would not be liable under the statute.  If innkeepers are, by virtue of their calling and the habits and wants of their customers, bound to furnish their guests food and drink as called for, and on that ground, and that the usage and customs of hospitality here and abroad in the past have included the furnishing of intoxicating drinks as part of the entertainment of hotel guests, exceptions by implication to the sweeping prohibition of our liquor statutes, then, on the same ground, it would follow that they are excepted from the statutes requiring license to

liquor sellers, and from the statutes forbidding sales to minors (who may also be guests at inns) and that in local-option territory they would be excepted from the operation of the vote, and that dining-car companies, pullman-car companies, restaurants, cafes, lunch counters and all places where eating is provided, drinking also might be provided, regardless of license, Sunday closing, or any other regulation.

We find no warranty for such sweeping construction. The Legislature did not intend to except hotel keepers from the operation of the statutes aimed to stop the liquor traffic for one day in seven. At least no such intention is manifested.

The judgment is affirmed.