[L. A. No. 2604.   Department Two.—September 26, 1911.]

## CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. J. B. LANKERSHIM, Appellant.

MUNICIPAL CORPORATION—LICENSE—RENTING ROOMS IN BUILDING CONTAINING MORE THAN THIRTY ROOMS — UNJUST DISCRIMINATION — INVALID ORDINANCE.—An ordinance of the city of Los Angeles, requiring the payment of a license by every person, firm, or corporation maintaining, managing, or conducting, a building containing more than thirty rooms for the purpose of letting office rooms or storerooms therein, is in conflict with the general law and with the provisions of the city charter, in unjustly discriminating between persons engaged in the same business, and in imposing a burden upon one owner which it does not impose upon another in the same class.

ID.—DISCRIMINATION FORBIDDEN IN MATTERS OF LICENSE.—Both the general law of the state and the charter of the city of Los Angeles forbid any discrimination in the matter of licenses between persons engaged in the same business unless the discrimination takes the form of regulating the amount of the license in proportion to the amount of the business done.

ID.—UNAUTHORIZED CLASSIFICATION.—There is no distinction which can be made the basis of a classification for the imposition of a license-tax between persons engaged in renting rooms in buildings containing more than thirty rooms and those engaged in renting rooms in buildings having a less number.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

John D. Works, and Brander W. Lee, for Appellant.

Leslie R. Hewitt, and John W. Shenk, for Respondent.

HENSHAW, J.—This is an action to recover moneys due under a revenue license ordinance of the city of Los Angeles providing "for licensing and regulating the carrying on of certain professions, trades, callings and occupations." Judgment passed for the plaintiff and from the judgment and from the order denying his motion for a new trial defendant appeals.

While thus described as "regulatory" an inspection of the ordinance discloses that it is an ordinance simply for revenue, the only attempt at regulation being the prohibition against conducting or carrying on any of the enumerated professions, trades, callings, or occupations without first procuring a license so to do. Section 54 of the ordinance is as follows:—

"Section 54. For every person, firm or corporation maintaining, managing or conducting a building for the purpose of letting office rooms or storerooms, the following license:

"For every building containing more than 30 rooms, $1.00 per year for each office room, and $3.00 per year for each storeroom contained in said building."

Defendant is admittedly the owner of an office building containing more than thirty rooms which are rented or leased.

Against the enforcement of this license ordinance and against its validity it is first urged that the ordinance in design and in effect levies an unequal and ununiform tax upon property which the owner may elect to rent (Const., art XIII, sec. 1); that an owner's right to rent his property and receive the rents thereof is one of the inherent rights of property ownership; that to call the renting an "occupation" is a mere subterfuge and that to exact a license-tax for the right to conduct this so-called "occupation" is but an attempt to evade the law forbidding unequal taxation. The question thus presented is certainly a serious one. If a man owning an office building with offices to rent who has paid all taxes, state, county, and municipal, upon his property is to be charged a dollar a room for every office he rents under a declaration that he is engaged in the "occupation" of "conducting a building" for the purpose of letting office rooms and that, consequently, a license may be exacted on the occupation, equally well might the board of supervisors under the guise of licensing the "occupation of renting land" exact from the farmer a dollar per acre for all farming lands which he might rent.

But in the present case we need not pause to determine this point for the ordinance in the matter here under review is certainly obnoxious to the general law and to the charter provisions in its unjust discrimination between persons engaged in the same business. It imposes a burden upon one owner which it does not impose upon another in the same class. We

CLX Cal.—51

need do no more than refer to such familiar cases as *Ex parte Mirande,* 73 Cal. 365, [14 Pac. 888] ; *Abeel* v. *Clark,* 84 Cal. 230, [24 Pac. 383; *City of Pasadena* v. *Stimson,* 91 Cal. 238, [27 Pac. 604] ; *County of El Dorado* v. *Meiss,* 100 Cal. 268, [34 Pac. 716] ; *Hellman* v. *Shoulters,* 114 Cal. 136, [44 Pac. 915, 45 Pac. 1057] ; *Van Harlingen* v. *Doyle,* 134 Cal. 53, [54 L. R. A. 771, 66 Pac. 44] ; which lay down the general principles touching the limitations upon the power to impose burdens or immunities upon classes. The charter of the city of Los Angeles speaks upon the precise subject-matter and in authorizing the city to impose a license-tax upon occupations, businesses, and trades to raise revenue for the city expressly provides "that no discrimination shall be made between persons engaged in the same business otherwise than by proportioning the tax on any business and amount of business done." While then it is held that all businesses of a certain class may be subjected to a license-tax in a single amount, or what is much more equitable that the license-tax may be imposed in proportion to the business done (*Los Angeles* v. *Los Angeles Gas Co.,* 152 Cal. 765, [93 Pac. 1006]), it is distinctly forbidden by this charter, as it is by the general law of this state, to discriminate in the matter of licenses between persons engaged in the same business unless that discrimination takes the form of regulating the amount of the license in proportion to the amount of the business done. So here conceding, but only for the purpose of this decision, that the renting by an owner and the receiving of rents from his own property is an "occupation," and conceding further that the owners of office buildings who rent rooms therein for office purposes form a class which may be segregated for the purposes of license taxation, it is still plain that no valid distinction exists based upon the size of the building or the number of offices for rent. Surely, a man who owns a building with thirty office rooms for rent is engaged in no different "occupation" from that of the man alongside of him owning an office building with twenty-nine office rooms to rent, and if, as in the case of this ordinance, a tax is to be levied at the rate of a dollar a room upon the person engaged in the "occupation" of renting office rooms no reason appears or is shown why, belonging to the same class as they do, the man who rents five office rooms should not pay five dollars if the man who rents fifty is compelled to pay fifty dollars. The

contention that, for the purposes of taxation, the municipal council may draw a class line at thirty rooms and declare those who rent thirty rooms and over are engaged in an occupation, while those who rent less than thirty rooms are not engaged in the same occupation, is purely fanciful as would be plainly exemplified if the ordinance imposed a tax upon those who rent from one to thirty rooms and relieved from the tax those who rented over thirty rooms. Yet, if this asserted ground of classification is substantial, the city council would have the power to do precisely this thing.

No ordinance which has come under the review of this court has ever gone to the limits of this ordinance or has been upheld if it has done so. In *Ex parte Sisto Li Protti,* 68 Cal. 635, [10 Pac. 113], the license charge was regulated according to the number of employees. There was no objection there made that a laundry which employed nobody was exempt from a license fee, the sole objection being that the fixing of the license in accordance with the number of employees was not a sound basis of classification. In *Ex parte Lemon,* 143 Cal. 558, 65 L. R. A. 946, 77 Pac. 455], by the license-tax upon restaurants all restaurants were taxed but the tax was graded and made less in the case of small restaurants where the cooking and service were by the proprietor or members of his family. No question was there presented of the omission of any part of the class, the attack being made upon the differences of the class by reason of the nature of the business. So in *Ex parte Haskell,* 112 Cal. 412, [32 L. R. A. 527, 44 Pac. 725], it was held that an ordinance imposing a license-tax upon traveling salesmen higher than the license-tax upon the merchant who sold the same goods at a fixed place of business was founded in a legitimate distinction.

The well-settled rule that "every intendment is to be indulged in favor of the validity of a municipal ordinance imposing a license fee for the carrying on of a particular business" means that a court will be zealous in its search for any substantial ground for upholding such an ordinance when attacked; but it does not mean that the court must shut its ears to reason and declare in every case that *because* an ordinance has been passed there must be valid reasons for its existence. The true principle, repeatedly affirmed in this state, is thus expressed by the supreme court of Georgia:

"The legislature has absolutely no power to classify persons, natural or artifical, engaged in precisely the same occupation, laying a tax upon some of them and excepting others, or imposing a tax not operating uniformly upon all." (*Singer Manuafeturing Co.* v. *Wright,* 97 Ga. 114, [25 S. E. 249, 35 L. R. A. 497].)

This ordinance, therefore, is unjust and discriminatory in making an unwarranted exception in favor of members of the same class, or what is the same thing phrased differently, imposing upon a part of a class artificially created, a burden not imposed upon all who stand in the same relation to the same subject-matter. (*City of Pasadena* v. *Stimson,* 91 Cal. 238, [27 Pac. 604]) for which reason the ordinance as to the section under consideration is invalid.

The judgment and order are, therefore, reversed and the cause remanded.

Lorigan, J., and Melvin, J., concurred.