Case 40.—PROSECUTION AGAINST DR. T. D. WILLIAMS FOR UNLAWFULLY GIVING A PRESCRIPTION FOR WHISKY IN VIOLATION OF A CITY ORDINANCE— April 14.

## Commonwealth v. Williams.

Appeal from Nelson Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

Ordinances—Validity—Adoption—Publication—Approval by Mayor —Record—Physicians—Prescriptions For Liquors—Good Faith —Appeals—Jurisdiction.

1. Ordinances — Validity — Adoption — Publication — Approval by Mayor—Under Kentucky Statutes, sec. 3638, part of charter of cities of the fourth class, which provides that "an ordinance shall be signed by, the mayor, attested by the clerk, and published at least once in a newspaper in said city, * * * and shall be in force from and after the publication thereof," it appearing that the mayor of cities of the fourth class has no veto power, the council is the legislative body of the city, and an ordinance of such city is valid when passed by a vote of at least three members of the council and published, although it may not have been signed or approved by the mayor.

2. Making up Record of Council—Tardiness of Clerk—An ordinance of a city of the fourth class takes effect upon its passage by the votes of at least three members of the council and its publication, and it is not material at what date it was made up and regularly approved by the council. The will of the council can not be defeated by the tardiness of the clerk in making out the record on the books of the city council.

Commonwealth v. Williams.

3. Physicians—Prescriptions for Liquors—Only as a Medicine—
Penalty—Good Faith—An ordinance of a city of the fourth
class making it unlawful for any physician to make or give
a prescription for any spirituous, vinous or malt liquors in
said city to enable him to purchase same, unless such per-
son is sick, or such liquor is required as a medicine, and
fixing a fine of from $25 to $100 for its violation, is not
void because it undertakes to punish the physician for giv-
ing a prescription where he makes an honest mistake as to
the whisky being required as a medicine.  The rule is that
a statute will not make an act criminal unless the offender's
intent concurred with his act, and whether he acted in good
faith or not is a question for the jury.

4. Jurisdiction—The criminal jurisdiction of the Court of Appeals
is governed by the Criminal Code of Practice.  An appeal may
be taken by the Commonwealth if a fine exceeding $50 might
have been inflicted.

R. C. CHERRY for appellant.

POINTS AND AUTHORITIES.

1. The demurrer and motion to quash the warrant should not
prevail, because their effect is to question the validity of the or-
dinance, which can only be done by a writ of prohibition, as pro-
vided by sec. 3639, Kentucky Statutes, which is a part of the
charter of cities of the fifth class.  (Sec. 3639, Ky. Stats.; Bybee
v. Smith, 22 Ky. Law Rep., 468; Same v. Same (last appeal), 22
Ky. Law Rep., 1686; Shinkle v. City of Covington, 83 Ky., 430.)

2. Under charter of cities of the fifth class (sec. 3638 Ky. Stats.)
the requirement that the mayor shall sign all ordinances is direc-
tory, and his omission to sign an ordinance does not invalidate
it.  (Sec. 3638, Ky. Stats.; 21 Am. & Eng. Ency of Law, 964-5;
McNulty v. Toopf, 25 Ky. Law Rep., 432; Reed v. City of Louis-
ville, 22 Ky. Law Rep., 1638.)

3. It is immaterial when a public officer signs a record made
by him, or the board of which he is chairman, because the sign-
ing when it is done, if he is still acting in the same official
capacity, relates back to the making of the order or judgment,
and gives validity to all actions taken under it.  (Locke v. Com-
monwealth, 15 Ky. Law Rep., 843; Dillon on Municipal Corpora-
tions, sec. 293 (note).

4. Public records can not be impeached by oral testimony, and
extrinsic evidence in this case is not permissible.  (Covington
v. Ludlow, 1 Met., 298.)

### OTHER AUTHORITIES.

(McGowan v. Commonwealth, 2 Met., 3; Wade v. Commonwealth, 3 Ky. Law Rep., 442; sec. 2558 Ky. Stats.; Danville v. Forman, 19 Ky. Law Rep., 1554.)

C. T. ATKINS and JOHN D. WICKLIFF for appellee.

1. Is the ordinance constitutional on the ground that it treats of two subjects not germane, or generally?

2. Does the warrant state separate offenses and is thereby invalid?

3. Does an ordinance of a city of the fifth class have valid force before being signed by the mayor and clerk?

4. Is an ordinance of valid force before being recorded on the records of a city?

5. Is its publication before being signed by the proper officers a valid promulgation of the law?

6. Can the constitutionality of an ordinance be determined otherwise than by a writ of prohibition?

7. Has the Court jurisdiction of this appeal?

### AUTHORITIES CITED.

Sec. 3638, Ky. Stats.; sec. 3627, Ky. Stats.; sec. 3635, Ky. Stats.; sec. 3638, Ky. Stats.; sec. 3639, Ky Stats.; McNulty, &c. v. Toopf, &c., 116 Ky., 202.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

The city of Bardstown adopted an ordinance making it unlawful for any druggist to sell spirituous, vinous, or malt liquors on Sunday, or on election day, or between the hours of 10 o'clock p. m. and 5 o'clock a. m. of any other day, except upon the written prescription of a regular practicing physician. The second paragraph of the ordinance is in these words: "That it shall be unlawful for any physician to make or give to any person a prescription for any spirituous, vinous, or malt liquors, to enable him to purchase same, unless such person to whom such prescription is given is sick, or such liquor is absolutely required as a medicine. Such prescriptions can only be given

by a regular practicing physician legally authorized
to practice medicine, and must state the date thereof,
the quantity prescribed, and the name of the person
to whom prescribed. Any physician who makes or
signs any prescription for said liquors to enable same
to be purchased, unless such person to whom it is
given is sick, or such liquor is absolutely required
as a medicine, shall upon conviction be fined in any
sum not less than twenty-five nor more than one hun-
dred dollars for each offense; provided the provisions
of this ordinance shall not apply to the procurement
and use of such liquors for sacramental purposes."
The ordinance was introduced in the council on the
23d of August, 1904, and was passed on September
13, 1904. It was published in the Nelson County
Record on September 21st. On October 3d a war-
rant was issued against appellee, T. D. Williams, charg-
ing him with having given a prescription on Septem-
ber 25th to Frank Cox for spirituous liquors when
he was not sick and when the whisky was not required
as a medicine. There was a trial before the police
judge. The defendant was found guilty and his fine
fixed at $25. He appealed to the circuit court. In
the circuit court he entered a motion to quash the
warrant and dismiss the prosecution, because there
was no ordinance in force at the time the offense
was alleged to have been committed. The court, hav-
ing heard the evidence on the motion, sustained it,
and the plaintiff appeals.

The evidence heard by the court showed that John
W. Sisco, the mayor of the city, did not sign the or-
dinance until October 5th, and that it was not at-
tested by the clerk until that day; that the ordinance
was adopted by the council by a unanimous vote at
its regular monthly meeting on September 13th, and
was duly recorded in the council's record book, signed

by the mayor and attested by the clerk. But this record on the book was made up and signed after September 25th; the clerk not having written up his minutes sooner. He, having a large number of ordinances to record, was making out his record as his custom was, and had not completed it at that time. The act for the government of cities of the fifth class, including Bardstown, contains these provisions: "The mayor shall preside at all meetings of the council, and may vote in case of a tie vote of the council, and, in case of the absence of the clerk, the mayor or mayor pro tem. shall appoint one of the members of the board clerk pro tem." (Sec. 3634, Ky. Stats., 1903.) "The city council shall judge of the qualifications and election of its members. They shall establish rules for the conduct of their proceedings, and punish any member or other person for disorderly behavior at any meeting. They shall cause the clerk to keep a correct journal of all their proceedings, and, at the desire of any member, shall cause the yeas and nays to be taken on any question and entered on the journal." (Ky. Stats., 1903,sec. 3635.) "And no ordinance, resolution or order shall have any validity or effect unless passed by the votes of at least three members of the city council." (Ky. Stats., 1903, sec. 3636.) "Every ordinance shall be signed by the mayor, attested by the clerk and published at least once in a newspaper published in such city, or written or printed, and posted in at least three public places therein, and shall be in force from and after the publication thereof." (Ky. Stats., 1903, sec. 3638.) The ordinance was published in the county paper as though attested by the clerk and signed by the mayor, but it had not been in fact signed by the mayor.

It is insisted for appellee that although the ordi-

nance had been adopted by the council, and published in the county paper, still, as it had not been signed by the mayor when the offense charged was committed, the ordinance was not then in force. The rule on this subject is thus stated in 21 Am. & Eng. Ency. of Law, p. 964: "There is a broad distinction between a requirement of the mayor's approval in order to give effect to ordinances and a mere requirement that he shall sign all ordinances; for while his signature may be, and usually is, the means adopted to designate his approval when his approval is required, if his signature alone is required, the element of approval is absent. The true rule undoubtedly is that where the mayor or presiding officer of the city council is required simply to sign ordinances and it is apparent that his act is ministerial in its nature and required merely to furnish evidence of the authenticity of the enactment, and the idea of approval is not involved, the requirement is directory only, and an omission to comply therewith will not render an ordinance invalid. But, where a requirement that the mayor shall sign ordinances is couched in such language as appears in such a connection as to make it apparent that such signature is required as evidence of his approval, the requirement is mandatory." (To same effect, see 1 Smith on Municipal Corporations, sec. 509.) It will be observed, from the provisions of the statute above quoted, that the veto power is not conferred upon the mayor. His only power is to preside at the meetings of the council and to vote in case of a tie. The council is the legislative body of the city. Ordinances have validity or effect when passed by the vote of at least three members of the council and published. To hold that the failure of the mayor to sign an ordinance destroys its validity would be in effect to confer on

him the veto power, withheld from him by the statute; for he could in any case, by withholding his signature, accomplish the same result as by a veto of the ordinance. This is not the meaning or purpose of the statute. Its purpose is simply to provide an evidence of the authenticity of the ordinance by the signature of the mayor, and is as to this directory only.

It is also insisted that, there being no record of the passage of the ordinance approved on the books of the city council at the time the offense was committed, the defendant can not be convicted. The ordinance takes effect upon its passage by the votes of at least three members of the council and its publication. When the validity of an ordinance is questioned the only proper evidence of the action of the council is the journal of their proceedings, which they cause the clerk to keep. When this journal is produced at the trial and is regular on its face, it is not material at what date it was made up and regularly approved by the council; there being nothing in the statute so requiring. If the rule were otherwise, the tardiness of the clerk in making out the record might defeat the will of the council altogether. There are many cases in which it is important, for the protection of the interests of the city or the public health or safety, that ordinances should take effect immediately upon their adoption and publication. To hold that they can not so take effect if the clerk had been remiss in making out the record would be to add to the terms of the statute. This question was fully considered in McNulty v. Troopf, 116 Ky., 202; 75 S. W., 258; 25 Ky. Law Rep., 430; see also Reed v. Louisville, 61 S. W., 11; 22 Ky. Law Rep., 1636; Locke v. Commonwealth, 15 Ky. Law Rep., 843; Dillon on Municipal Corporations, sec. 293.)

It is further insisted that the ordinance is void be-

cause it undertakes to punish the physician for giving a prescription where he makes an honest mistake as to the whisky being required as a medicine. The rule is that a statute will not make an act criminal unless the offender's intent concurred with his act. A case of honest mistake will be excepted out of the general statutory prohibition. (Bishop on Statutory Crimes, sec. 132; C. & O. Ry. Co. v. Commonwealth, 84 S. W., 566; 27 Ky. Law Rep., 176; Thacker v. Commonwealth, 85 S. W., 1096; 27 Ky. Law Rep., 620.) If the defendant gave the prescription complained of in good faith as a physician, believing the whisky to be absolutely necessary as a medicine, he is not guilty; but, if he did not act in good faith or upon reasonable grounds, he is guilty. Whether he acted in good faith or not, or made an honest mistake of fact, is a question for the jury under the evidence, and for the determination of this question any evidence is competent which is admissible in other cases where intent is material.

The criminal jurisdiction of this court is governed by the Criminal Code of Practice. An appeal may be taken by the Commonwealth if a fine exceeding $50 might have been inflicted. (Cr. Code Prac., sec. 347.)

Judgment reversed and cause remanded for further proceedings consistent herewith.