### Fields v. Town of Whitesburg, et al.

(Decided June 6, 1922.)

#### Appeal from Letcher Circuit Court.

1. Taxation—Assessment by De Facto Officer.—The principles which support the acts of de facto officers in general, apply to de facto tax assessors. Notwithstanding informality or irregularity in the title of the person acting as assessor, if he is in actual possession and administration of the office under color of an election or appointment, so as to be entitled to the character of an officer de facto, the assessment which he makes must be held valid and legal.

2. Municipal Corporations—Assessor—Appointment—Failure of Clerk to Record Proceedings.—Where by proper action of the board of trustees of a town of the sixth class a person possessing the necessary qualifications for the office, was elected or appointed tax assessor of the municipality, the fact that the clerk of the board neglected to record the proceedings manifesting his appointment as assessor or his taking of the oath of office as such, or that such record, if made, was thereafter lost, did not vitiate any assessment of property made by him while in possession of the office of assessor under his appointment by the board of trustees.

3. Municipal Corporations—Appointment of Trustee as Assessor.—The appointment by the board of trustees of a town of the sixth class of one of its members to the office of assessor, will not be declared illegal, provided the appointee before taking the office of assessor resign from the board of trustees, or upon his induction into the office of assessor ceases to act. and during his incumbency thereof does not act, as a member of the board of trustees.

4. Officers—Incompatibility.—The legal effect of the acceptance by one in office of another and incompatible office is declared by section 3744, Kentucky Statutes, which provides: "The acceptance by one in office of another office, or employment, incompatible with the one he holds shall operate to vacate the first."

5. Municipal Corporations—Municipal Taxes—Assessment of Property.—Notwithstanding the requirement of the statute applicable to the assessment of property for municipal taxation that the assessment be made as of September 15th of each year and between that date and November 15th following, if the assessment be not made within that time, but later in the year, and is passed on by the board of tax supervisors in time for the tax levied for the succeeding year by virtue of the assessment to be collected as required by law, the assessment will be regarded as having been made in substantial compliance with the provisions of the statute and teated as valid.

6. Municipal Corporations—Municipal Taxes—Statutes—Mandatory Provisions.—The provision of a statute like that mentioned will not be regarded as mandatory, in the absence of words importing that the required act shall not be done at any other time than that designated; and no such negative words are contained in the statute referred to.

7. Municipal Corporations—Municipal Taxes—Ordinances.—The ordinance levying the tax in controversy in this case was not rendered invalid by the failure of the chairman of the board of trustees to sign it. The true rule is that where the mayor or presiding officer of the city council (or board of trustees) is required simply to sign ordinances, and it is apparent that his act is ministerial in its nature and required merely to furnish evidence of the authenticity of the enactment, and the idea of approval is not involved, the requirement is directory only, and an omission to comply therewith will not render an ordinance invalid.

D. D. FIELDS, FIELDS & DAY and D. I. DAY for appellant.

COOK & COMBS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

By this action in equity the appellant, D. D. Fields, sought an injunction to restrain the appellees, Town of Whitesburg, a municipality of the sixth class, and B. T. Frazier, its town marshal, from collecting of appellant,

or by subjecting his property to its payment, a tax or taxes alleged to be due it for the year 1918, amounting to $34.30. Upon the hearing of the case in the Letcher circuit court, the injunction was refused and the petition dismissed, which resulted in this appeal from the judgment entered in pursuance of those rulings. The taxes attempted to be enjoined were levied for the year 1918, and based on an assessment made as of September 15, 1917. The grounds alleged in the petition for the injunction prayed were: (1) That there was no valid assessment; (2) that the ordinance of the municipal board of trustees by which the tax was attempted to be levied was void.

The allegations of the petition were traversed by the appellees' answer, and those of the latter pleading controverted by the appellant's reply, and upon the issues as thus made the parties took proof in the form of depositions, all of which were read and considered by the court before rendering judgment.

The appellant's objection to the assessment is based, in part, on the claim that E. B. Hale, the assessor by whom it was made, was, when appointed assessor, a member of the board of trustees of Whitesburg, by which the appointment was made, and that he continued a member of the board of trustees while acting as assessor, which disqualified him to act in the latter capacity. It is true that neither the resignation from the board of trustees nor his taking of the oath of office as assessor was shown by any record made by the board of trustees, whose clerk appears either to have neglected to make such record, or, if made, to have lost or mislaid it. But it was shown by the uncontradicted testimony of Hale and others then on or connected with the board of trustees, that he was appointed and duly qualified as assessor and that upon and following his appointment as assessor he ceased to act as a member of the board of trustees and did not again do so, but continued from the date of his appointment as assessor to act as such and perform all the duties of that office, and in so doing duly assessed for taxation in 1917 all property in Whitesburg, including that of appellant, upon which taxes were due and collectible in 1918. It was not proved, therefore, that Hale acted at the same time both as a member of the board of trustees and as assessor of Whitesburg.

We agree with counsel for appellees that the case of Springfield v. People's Deposit Bank, 111 Ky. 105, cited

by counsel for appellant, throws no light upon the question of the validity of Hale's appointment and work as assessor. In that case the board of trustees simply consented that one of its members should act as assessor while continuing to act as a member of the board, whereas in this case one of the members of the board upon being appointed or elected assessor by it immediately ceased to be, or act, as a member of the board and did not again do so, and continued to perform the duties of the office of assessor. Whether his appointment was made a matter of record or he took the oath of office as assessor is not material, if in fact he was appointed assessor by the board of trustees and performed the duties of the office; as in such a case, notwithstanding the informality of his title to the office, his act of making an assessment, will be held valid as that of a *de facto* officer. In 37 Cyc. 984, it is said:

"In some states it is considered that the principles which support the acts of *de facto* officers in general have no applicability to *de facto* tax assessors. But the general rule is otherwise. Notwithstanding informality or irregularity in the title of the person acting as assessor, if he is in actual possession and administration of the office under color of an election or appointment, so as to be entitled to the character of an officer *de facto,* the assessment which he makes must be held valid and legal."

Again, on page 979, same volume, it is said:

"It is generally held that where an assessor of taxes fails to take the oath required of him by the statute, or takes it in an informal or irregular manner, or before one not authorized to administer it, or fails to subscribe it or have it recorded or attached to the assessment roll, any such defect does not vitiate the assessment, for, if otherwise qualified, he is entitled to the character of an officer *de facto,* and as such his acts are binding."

Touching Hale's appointment to the office of assessor by the board of trustees, it is sufficient to say that the effect of his undisputed acceptance of it is thus declared by section 3744, Kentucky Statutes, which provides:

"The acceptance by one in office of another office, or employment incompatible with the one he holds, shall operate to vacate the first."

In view of the facts referred to and cases above cited, we have no doubt of the legality of Hale's appointment as assessor by the board of trustees of Whitesburg, as to

his authority to act as such officer, or of the validity of the assessment made by him of the property in Whitesburg for taxation for the year 1918.

It is also contended by the appellant that the assessment in question is invalid because not made at the precise time prescribed by section 3674, Kentucky Statutes, applicable to towns of the sixth class, which provides, in substance, that all property subject to taxation in towns of that class "shall be assessed as of the 15th day of September of each year," the list to be made out by the assessor between the 15th of September and the 15th of November. Hale was appointed assessor in the fall of 1917 and after September 15th of that year. He did not, therefore, begin the work of assessing the taxable property in Whitesburg on September 15th or during that month, nor was it completed by November 15th, but it appears from the record that the assessment was completed by Hale before the beginning of the year 1918. It, however, was made as of September 15th, 1917, in the meaning of the statute, *supra,* and must be so treated. It will be observed from a reading of the statute that it does not prohibit the making of the assessment at any other time than that fixed by the statute for doing it, therefore, if done later than between September 15 and November 15, it will still be valid and treated as made between those dates. If this were not true, even omitted property would escape taxation because not assessed in the year and within the time fixed by law for its assessment. This question was before us in Anderson v. City of Mayfield, 19 S. W. 598. In that case, as in this, the assessment was attacked as invalid because made after the time prescribed by the statute, but in rejecting that contention, we said of the statute:

"Such provisions are not regarded as mandatory, in the absence of words importing that the required act shall not be done at any other time than that designated. No such negative words are contained in this chapter. A person should not be allowed to rely upon the mere nonfeasance of an officer when it is not important to that person, and thus escape the performance of his own duty. Even the omission of property in making an assessment, either through the negligence or default of the assessing officer, or where it occurs through mistake of law, does not vitiate the tax. If so, as all men are fallible, no tax could ever be collected and the government would fail."

The complaint made by appellant of the action of the board of supervisors and of the time and manner of their appointment for the year 1918 is equally without merit, and, for the reasons already stated with respect to the assessment made by Hale of the taxable property of the town of Whitesburg, the work done by them must be held valid.

The ordinance levying the tax for 1918 is not invalid on any of the grounds asserted by the appellant. It is very inartificially drawn and was not signed by the chairman of the board of trustees, though duly attested by the clerk of the board, but it is explicit as to the amount of tax levied and the purpose for which the levy was made, and as the language used is sufficient to manifest the intention of the board of trustees in its enactment, it should not be set aside as invalid merely because the drafting was not done by a skillful hand, or it was not signed by the chairman of the board. Town of Whitley, et al. v. Stephens, 184 Ky. 277.

With respect to the absence of the signature of the chairman it is sufficient to say that:

"The true rule undoubtedly is that where the mayor or presiding officer of the city council (or board of trustees) is required simply to sign ordinances, and it is apparent that his act is ministerial in its nature and required merely to furnish evidence of the authenticity of that enactment, and the idea of approval is not involved, the requirement is directory only, and an omission to comply therewith will not render an ordinance invalid." Commonwealth v. Williams, 86 S. W. 553; 21 American & Eng. Enc. of Law, 964; Fish v. Genett, etc., 56 S. W. 813. That rule is applicable here.

As it is our opinion that the refusal of the injunction and dismissal of the appellant's petition by the circuit court was authorized, the judgment is affirmed.