# Bailey v. City of Ravenna.

Oct. 10, 1939.

Ezart Ashcraft and Shumate & Shumate for appellant.

H. E. Hay for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Emma Bailey was tried in the police court in the city of Ravenna and convicted of the crime of disorderly conduct, and her punishment was fixed at a fine of $10. She was tried under an ordinance of the city which provides that a person guilty of the offense of disorderly conduct in the city and being convicted shall be fined not less than $10 nor more than $15. She brought this action in the Estill circuit court to prohibit the issuance of a capias pro fine in execution of the judgment entered against her and to enjoin the collection of the fine on the ground that the ordinance under which she was convicted was void. The circuit court entered a judgment denying the relief sought by the plaintiff in her petition and dissolving the temporary injunction granted by the clerk in vacation. On this appeal it is insisted that the proof shows that the purported ordinance under which appellant was tried was void because it had not been properly passed by vote of the city council, the vote of the council was not duly recorded in the city clerk's ordinance book as required by law, and that the ordinance was not advertised in the weekly newspaper in Estill county and was not signed by the mayor of the city of Ravenna or attested by the city clerk.

The only witness introduced by either party was A. W. Benning, clerk of the city of Ravenna. He testified that he had in his custody and possession a book in which the ordinances of the city had been copied, and that the ordinance in question appeared therein. From the book introduced in evidence by the clerk, it appears that this ordinance was passed in April, 1921, and had been signed by the chairman of the board of trustees. The city had two other ordinance books, and this ordinance had been copied in one of them, but it does not appear that these books were introduced in evidence. The clerk testified that he had been unable to locate the journal in which the yea and nay vote was recorded, nor had he found any record showing that the ordinance had been advertised as required by law, or that the original had been signed by the mayor and attested by the clerk. Appellant insists that this evidence was sufficient to show that the ordinance had not been passed or recorded as required by law, and that the court erred in refusing to adjudge that it was void and of no effect.

Ravenna is a city of the fifth class, and Section 3635 of the Kentucky Statutes, which is a part of the charter of cities of the fifth class, provides that the city council shall cause the clerk to keep a correct journal of all their proceedings and at the desire of any member shall cause the yeas and nays to be taken on any question and entered on the journal. Section 3638 reads in part:

"Every ordinance shall be signed by the mayor, attested by the clerk, and published at least once in a newspaper published in such city, or written or printed, and posted in at least three public places therein, and shall be in force from and after the publication thereof."

The case has been practiced and briefed by both parties on the theory that Ravenna was a city of the fifth class at the time the ordinance was passed in 1921, but an examination of Section 2740 of the Kentucky Statutes, which provides for the classification of cities and towns, and the various amendments thereto, discloses that Ravenna was then a city of the sixth class. However, the provision in the charter of sixth class cities relative to the passage of ordinances is very similar to Section 3638 of the Kentucky Statutes. Section 3700 of the Kentucky Statutes, which is a part of the charter of sixth class cities, reads in part:

"Every ordinance shall be signed by the chairman, attested by the clerk, and published at least once in a newspaper published in such town, or written or printed and posted in at least three public places therein, and shall be in force from and after the publication thereof."

The general rule is that the burden is upon the party asserting the invalidity of an ordinance to show the irregularity of its enactment. Bates v. City of Monticello, 173 Ky. 244, 190 S. W. 1074. Where an ordinance is copied in an ordinance book kept by a city and appears to be regular, it will be presumed that the city authorities performed their duty. Wallace v. City of Louisa, 217 Ky. 419, 273 S. W. 720; Baker, Mayor, v. Combs, 194 Ky. 260, 239 S. W. 56; City of Somerset, v. Gardiner, 228 Ky. 512, 15 S. W. (2d) 303; Illinois Central Railroad Company v. McGuire's Adm'r, 239 Ky. 1, 38 S. W. (2d) 913; Weatherhead v. Cody, 85 S. W. 1099, 27 Ky. Law Rep. 631. See, also Commonwealth v. Williams, 120 Ky. 314, 86 S. W. 553, 27 Ky. Law Rep. 695; Fields v. Town of Whitesburg, 195 Ky. 688, 243 S. W. 930. It appears that the ordinance book introduced in evidence had been adopted by the city in 1923, and that all ordinances then in force were copied in the book and thereafter all ordinances adopted by the board of council were entered in the book as they were passed. The ordinance book introduced in evidence was kept by authority of the city, and the ordinance making disorderly conduct in the city an offense and providing a penalty therefor appears to be regular. The presumption was that it had been passed by the requisite number of votes, and that the original had been signed by the chairman of the board of trustees and attested by the clerk, and that it had been advertised as required by law. There was no evidence to overcome this presumption, and it follows that the court did not err in refusing to declare the ordinance void.

Wherefore, the judgment is affirmed.