898

Marie KAELIN, James B. Lentz, Appellants,

v.

CITY OF INDIAN HILLS, Louisville and
Jefferson County Planning and Zoning
Commission, Appellees.

Walton JONES, Appellant,

v.

CITY OF INDIAN HILLS, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1956.

Marie Kaelin, James B. Lentz, and Walton Jones are appealing from judgments of the Jefferson Circuit Court holding that a certain annexation ordinance of the City of Indian Hills, Sixth Class, affirmatively voted upon June 20, 1955, had never taken effect; that the Board of Trustees were within their power in rescinding that affirmative action on June 27, 1955; that the disputed territory had never been annexed to the City of Indian Hills and is still subject to existing regulations of the Louisville and Jefferson County Planning and Zoning Commission relating to the unincorporated areas of Jefferson County. We are of the opinion that the judgments of the court below were correct.

Judge Stuart E. Lampe prepared and filed an able opinion which sets forth the facts and the law. Since we concur in his views and conclusions reached, we adopt his opinion with but few deletions. The opinion follows:

"Both of these actions seek a declaration of rights of the parties. The position of the plaintiff, Walton Jones, in the one case and that of the defendants, Kaelin and Lentz, in the other case, are substantially the same, while the position of all opposing parties in both cases is opposite to that of these parties.

"Briefly, the facts are these, the City of Indian Hills adopted a proposal-to-annex ordinance earlier this year. Marie Kaelin, in an earlier action in this Court, filed a remonstrance suit in which she objected to having the proposed area annexed by the City. A trial was had of that action with Mrs. Kaelin appearing to testify as the only witness. Her testimony failed to establish manifest injury on her part and the City of Indian Hills was adjudicated the right to proceed with its annexation.

"On June 20th, the Board of Trustees of Indian Hills, at a meeting called by the clerk, Mr. John J. Wuerst, Jr., pursuant to the direction of Mr. William Goodwin, Chairman of the Trustees, voted affirmatively on an ordinance annexing the disputed territory. The ordinance as originally prepared in typewritten form provided

R. D. McAfee, E. P. Sawyer, Edward T. Ewen, Jr., E. C. Davenport, Louisville, for appellants.

Andrew Duncan, James L. Taylor, Charles W. Dobbins, County Atty., Louisville, for appellees.

HOGG, Judge.

These two cases involve the same questions of law, were tried together in the court below, and will be disposed of by us in this opinion.

for the annexation of the territory but had no provision as to the time within which, or upon which, the ordinance should take effect. Both Mr. Goodwin and Mr. Andrew Duncan, well-known attorneys at the Jefferson County Bar, testified that before the ordinance was voted upon affirmatively a clause was added which provided in substance that the ordinance should take effect after being posted. This clause was denominated Section 2 of the ordinance. It was expressive of the provisions of KRS 88.060 which provides that an ordinance 'shall be in force from and after being posted.'

■ "The ordinance was never posted by any official of Indian Hills. On the day following the meeting at which it was voted upon affirmatively, Mr. R. Davis McAfee, also a well-known attorney of the Jefferson County Bar, had a telephone conversation with Mr. Wuerst, the clerk. Mr. McAfee represented Mrs. Kaelin and Mr. Lentz. Mr. Wuerst informed Mr. McAfee about the affirmative vote. There is some conflict in the testimony relative to what else was said in this telephone conversation, but I think it fair to conclude that Mr. Wuerst did tell Mr. McAfee 'so far as he knew everything was done that had to be done.' I do not attach too much importance to this expression on the part of Mr. Wuerst. In the first place, he qualified it with the language 'so far as he knew.' In the second place, as clerk of the town, it was certainly not his duty, nor could he express an opinion as to the finality of acts by the Board of Trustees that would be binding upon the township.

■■ "After Mr. McAfee learned of the affirmative vote, and further learned that there had been no posting of the ordinance, his client, Mr. Lentz, posted three copies of the ordinance (rather the first clause of the ordinance because the information of the second clause was not available to Mr. McAfee) in three public places in the area. Some question has been raised because two of the three public places were within the area proposed to be annexed and not within the then existing limits of Indian Hills. I

do not attach much importance to this contention for the reason that I conclude the posting done by Mr. Lentz, who had no official connection whatsoever with the Town of Indian Hills, cannot in any way be considered the action of the City. I do conclude that the ordinance has never been posted by the City of Indian Hills.

"On June 21st, Mrs. Kaelin entered into an agreement with Mr. Lentz, permitting him to use her land for commercial use, it being her position, and that of her attorney, that the land was annexed to the City of Indian Hills; that it came into the City of Indian Hills as unzoned property and that it was not subject to the regulations of the Louisville and Jefferson County Planning and Zoning Commission under which the land had been zoned for single family use. Mr. Lentz immediately proceeded to put the property to a commercial use in the hope that if it were later zoned by Indian Hills, rights would have been established so as to constitute the land as a non-conforming public use.

"On June 22nd, the Board of Trustees promptly acted by passing a resolution to withhold the posting of notice by the City of Indian Hills of the ordinance. On June 27, 1955, the Board met again and rescinded its affirmative vote of June 20th, repealing the action taken by it on that date.

"On the one hand, Indian Hills and Louisville and Jefferson County Planning and Zoning Commission contend first, that the ordinance annexing never became effective because it was not signed by the clerk or the Chairman, nor was it posted, and second, that even if it did become effective the Trustees had the power to rescind the ordinance at a later date.

"On the other hand, counsel for Mrs. Kaelin and Walton Jones insist that upon its passage by the affirmative vote the ordinance became effective at once, or if it did not become effective, then this Court has the right to order the clerk and the Chairman of the Board of Trustees to sign the ordinance and to direct the City to post the ordinance, since these are claimed to be ministerial duties only, and thereby make the ordinance effective.

"Insofar as it is contended that an ordinance may later be rescinded by a Board of Trustees I think a different rule applies insofar as an annexation ordinance is concerned. If the ordinance of June 20th is considered as having become effective and the territory annexed, then there is a specific statutory manner in which territory may be stricken from a city and that method must be followed, see KRS 81.100 et seq. If, however, the ordinance of June 20th never became effective then I think the action of the Board of July 27th in rescinding the affirmative vote is entirely within the power of that Board. Thus, the narrow issue I have to resolve, under the facts here stated, is whether the ordinance of June 20th ever went into force and effect. Counsel for Kaelin and Jones urge that the signing of the ordinance and publication are ministerial duties only. They rely on Commonwealth v. Williams, 120 Ky. 314, 86 S.W. 553, 555, and Fields v. Town of Whitesburg, 195 Ky. 688, 243 S.W. 930, in both of which cases it was held that where a signature of a Mayor to an ordinance was required as a ministerial act as distinguished from an act of approval (such as where a Mayor is granted a veto power) the failure of the Mayor to sign does not destroy the validity of the ordinance. In the Williams case, however, after holding that the failure to sign by the Mayor before publication of the ordinance did not invalidate it, the Court pointed out:

" 'Ordinances have validity or effect when passed by the vote of at least three members of the council and *published*.' (Emphasis supplied.)

"It is thus seen that in an opinion in which it was held specifically that the signing of an ordinance was a ministerial act only, the Court in obiter dictum apparently placed publication in a somewhat different category.

"In most of the situations in which the question of publication (or lack of publication) of an ordinance come up, the municipality is in the position of trying to uphold the ordinance despite some lack of proper publication. Here we have the opposite situation. Here City of Indian Hills is contending that its own ordinance did not become effective because it did not publish that ordinance. It contends that by adding clause 2 to the ordinance it retained control thereof until it might be posted. Since it was never officially posted, it never lost that control.

"On the question of necessity of publication before an ordinance becomes effective, Bybee v. Smith [Ky.], 61 S.W. 15, and City of Newport v. Newport National Bank, 148 Ky. 213, 146 S.W. 377, 379, are relied upon. In the Newport case a resolution was passed authorizing an election on the question of whether a street improvement bond should be issued. The election resulted in an affirmative vote by a large margin. A test case went to the Court of Appeals in which the bond issue approved in the election was held to be valid. Thereafter an ordinance was adopted to issue the bonds, which ordinance was subsequently repealed. Still later, a new ordinance was adopted issuing the bonds under different terms. This last ordinance was not published as directed by the Statute, although an abstract thereof had been published. Suit was brought by the City to force the bank which had been successful bidder to accept the bond issue on the terms of its bid. The bank defended on the ground that the issue of the bonds was not valid because it had not been published and the Court sustained the bank, specifically holding that provisions as to publication are not merely directory.

"In the City of Newport case it is said:

" 'While there are many cases holding that charter provisions with reference to the publication of ordinances are merely directory, such is not the rule where publication is made a prerequisite to the ordinance taking effect,' and

" 'We conclude that the provisions of section 3045, providing that all ordinances shall be published in like manner before they are enforced, are mandatory, and that the ordinance, under which appellee purchased the

bonds, not having been published, is invalid.'

 "I am cited by Kaelin and Jones to 55 C.J.S. [Mandamus, § 63], at page 101, where the text-writer discusses the fact that mandamus normally lies where an act to be performed is ministerial only as distinguished from discretionary. The text-writer goes on to state that 'where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial * * *.' Counsel insists that the publication of this ordinance is one that can be mandatorily enjoined.

"If it had not been for the subsequent action of the Board of Trustees of Indian Hills in rescinding their affirmative vote there might be more weight given to this position of counsel. If there were an ordinance in existence affecting the rights of different individuals, and everything had been performed to make the ordinance effective except publication, and there was no purpose on the part of the Trustees to rescind the former action, but merely a withholding of the purely ministerial act, I can see where a Court might be justified in requiring the public officials to do that which they should do. Here, however, we have a different situation. By clause 2 of the ordinance the Board of Trustees specifically stated that it would take effect only upon its posting. Before any official posting took place, and therefore, before the ordinance itself became effective, the Board of Trustees rescinded its affirmative vote. I think it was within its power in so doing. As stated in 37 Am.Jur., page 762, '* * * it rests within the power of the legislative body passing an ordinance to fix the time of its taking effect.' It is now beyond the power of this Court mandatorily to require the publication of the ordinance.

"Counsel are authorized to draw a judgment declaring the rights of the parties to the effect that the ordinance affirmatively voted upon June 20th has never taken effect; therefore, the Board of Trustees were within their power in rescinding that affirmative action on June 27th; the disputed territory has never been annexed to the City of Indian Hills and still subject to existing regulations of the Louisville and Jefferson County Planning and Zoning Commission pertaining to the unincorporated area of Jefferson County; plaintiffs in the case against Kaelin and Lentz are entitled to an injunction restraining these defendants from acts in violation of the County Planning and Zoning regulations. * * *."

Judgment affirmed.