**E. E. FOLEY, as Mayor of the City of Jamestown, Kentucky, etc., Appellant,**

v.

**Lucian KINNETT et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 20, 1972.

Robert L. Bertram, Jamestown, for appellant.

Robert L. Wilson, Jamestown, for appellees.

GARDNER, Commissioner.

Jamestown, a fifth-class city, by ordinance created the Jamestown Water Commission Board and granted the board authority to sell water to customers outside the city limits and to establish rates and regulations. Appellant, E. E. Foley, as mayor, ex-officio member of the board and taxpayer, contends that the ordinance creating the water board was void because it was not signed by the mayor. He also contends the city had no statutory authority to create the board. His third contention is that the extension of the water lines to the customers outside the city is economically unsound and will be a drain on the resources of the water board. The circuit court upheld the acts of the city and the board. We affirm.

By different contracts the board agreed to furnish water to the Jamestown Boat Dock, the Little Louisville Water District Association and Harbor Springs, Inc. Each of these customers was outside the

city of Jamestown but within 15 miles of the city limits.

It is provided by KRS 96.150:

"Any city that owns or operates a water supply system may extend the system into, and furnish and sell water to any person within, any territory contiguous to the city that lies within fifteen miles of the corporate limits, and may install within that territory necessary apparatus. For this purpose the city may condemn or otherwise acquire franchises, rights and rights of way, as private corporations may do."

KRS 87.050(3) provides that:

"Every ordinance shall be signed by the mayor attested by the clerk, and published pursuant to KRS chapter 424, and shall be in force from and after the publication."

The court had the precise question before it in Commonwealth v. Williams, 120 Ky. 314, 86 S.W. 553 (1905). It was held that the signing of an ordinance by the mayor is directory. We said: "Its purpose is simply to provide an evidence of the authenticity of the ordinance by the signature of the mayor, and is as to this directory only." The holding in the Williams case was reaffirmed in Fields v. Town of Whitesburg, 195 Ky. 688, 243 S.W. 930 (1922).

In his second argument appellant contends that the water board has no legal entity because there is no statutory authority permitting the city to create such a board. We said in Keathley v. Town of Martin, Ky., 246 S.W.2d 152 (1951), that while the Water System Act (KRS 96.350 to KRS 96.510) makes no provision as to the creation of a governing body for the utility, by the acquisition and operation of a water plant a municipality acts in a propriety capacity and has full right to set up an administrative board in connection with its operation. Cf. City of Hazard v. Duff, 287 Ky. 427, 154 S.W.2d 28 (1941); Electric Plant Board v. City of Mayfield, 299 Ky. 375, 185 S.W.2d 411 (1945).

Finally appellant argues that the cost of furnishing water to the customers outside the city is greater than the anticipated revenue, which will cause the rates of the users of water living in Jamestown to be increased to meet the added expense. No proof was offered to substantiate the argument that the extension of water outside the city was economically unfeasible. Whether it was or not, that is a matter that addresses itself to the sound discretion of the city acting by and through the water board.

The judgment is affirmed.

All concur.