Case 106.—ACTION BY THE COMMONWEALTH BY AUDITOR'S AGENT OF MASON COUNTY AGAINST THE CENTRAL HOTEL CO. TO RECOVER A LICENSE TAX FOR THE PRIVILEGE OF KEEPING A HOTEL AND SELLING INTOXICATING LIQUORS.—January 30.

## Commonwealth v. Central Hotel Co.

Appeal from Mason Circuit Court.

JAMES P. HARBESON Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

Liquor License—Tavern-keepers—Failure to Apply—Liability for as a Debt—A tavern-keeper who engages in retailing spirituous liquors without having procured or applied for a license therefor, is not indebted to the State for the tax required by the statute for such license, and an action can not be maintained against him for such tax as in case of debt. He does not become obligated for the sum equivalent to the license tax unless he voluntarily assumes it by applying for and receiving the license.

J. M. COLLINS for appellant.

Commonwealth v. Central Hotel Co.

### CITATION OF AUTHORITIES.

Ky. Constitution, sec. 59; Ky. Stats., arts. 7, 8 and 9, secs. 4148, 4171, 4182 and 4263; Gen. Stats., Ed. 1888, p. 356, sec. 2; Cooley on Taxation, 3d Ed., pp. 836 and 1142; Dillon on Municipal Corporations, 4th Ed., sec. 818; Black on Constitutional Law, 59.

### CASES.

Baldwin v. Hewitt, 88 Ky., 673; Clark v. Louisville Water Co., 90 Ky., 581; Louisville Water Co. v. Hamilton. 81 Ky., 517; Commonwealth v. Taylor, 101 Ky., 325; Sawrls v. Commonwealth, 83 Ky., 331; Commonwealth v. Fowler, 96 Ky., 166; Anderson v. Commonwealth, 13 Bush, 485; Mork v. Commonwealth, 6 Bush, 397; City of Lexington v. Wilson, &c., 80 S. W., 811; Central Railway & Bridge Co. v. Commonwealth, 20 Ky. Law Rep., 1890; Louisville & Jeffersonville Ferry Co. v. Commonwealth, 22 Ky. Law Rep., 480; Commonwealth v. Carter, 21 Ky. Law Rep., 1509; Adler v. Whitbeck, 44 Ohio Statutes, 565; Blatchley v. Moser, 15 Wend., 215; Druggist Cases, 3 S. W., 490.

THOS. R. PHISTER for appellees.

### POINTS AND AUTHORITIES.

No license tax is due to the State from appellees, and the auditor's agent has no right in this action to sue for it. (Ky. Stats., secs. 4190 to 4224; Standard Oil Co. v. Commonwealth, 82 S. W., 1021; Creekmore v. Chitwood, 7 Bush, 318; Vanmeter v. Spurrier, 94 Ky., 22; Franklin Ins. Co. v. L. & A. Packet Co., 9 Bush, 590; Shawhan v. Harrison Co., 76 S. W., 407; City of Lexington v. Wilson, 80 S. W., 811; McLean County Precinct v. Deposit Bank, 81 Ky., 257.)

OPINION BY JUDGE PAYNTER—Affirming.

John J. O'Donnell, as Auditor's agent for Mason county, instituted this action in the name of the Commonwealth of Kentucky against the Central Hotel Company, a partnership, for two sums of $235 each, together with interest and a penalty of 20 per cent. The alleged right to recover is based upon the claim that the defendants owe the State a license tax, because the members of the firm kept a hotel and sold

by retail spirituous, vinous and malt liquors during the years of 1902 and 1903; therefore, under the provisions of Act March 29, 1902 (Acts 1902, page 281, c. 128), section 4224, Ky. Stats. 1903, being part of the act, renders the defendants liable for the sum sought to be recovered. It is provided in that section that, before engaging in any occupation or selling any article named in this sub-division of article 10 of this act, the persons desiring to do so shall procure a license and pay the tax thereon as follows: "To keep a tavern or hotel with privilege of selling by retail spirituous, vinous and malt liquors two hundred and thirty-five dollars." The right to recover is based upon the claim that the defendants did not procure the license required by the statute to engage in the business of keeping the hotel and selling spirituous, vinous and malt liquors during the time mentioned. The action is sought to be maintained as in case of debt.

Taxes are levied and collected regardless of the will or consent of the taxpayer and for the purpose of raising a revenue. A license to sell liquor is for the purpose of regulating the traffic and incidentally to raise revenue. A tax is imposed as we have said, regardless of the will or consent of the taxpayer. No one is required to procure a license to sell liquors, but the State requires such a one to procure a license and pay the taxes before engaging in the business. No one is permitted to sell liquor without a license to do so. He assumes no liability for the license, unless he procures it from the authorities authorized to grant it. He does not become obligated for the sum equivalent to the license tax provided by the statute, unless he voluntarily assumes it by applying for and receiving the license de-

sired.    It is said in Standard  Oil  Co.  v.  Common-
wealth, 82 S. W., 1021,, 119 Ky., 75, 26 Ky. Law Rep.,.
985: "The popular understanding of the word 'li-
cense' undoubtedly is a permission to do some thing
which, without the license, would not be allowable.
The object of the license is to confer a right that does
not exist without the license." It takes an order of the
county court to grant a license and then to be is-
sued by the county clerk.    Unless this is done the
party who sells liquor does so in violation of law and
incurs the penalties denounced for such unlawful
act.  If the claim of appellant is correct a party could
retail spirituous, vinous and malt liquors for sev-
eral months in violation of the law, and could then
procure a license to cover the period for which he
was guilty of the illegal acts, and thus protect him-
self from the punishment therefor.    If the Common-
wealth is entitled to recover the sums in question, it
would seem that, upon payment of the money, the
defendants should be immune against the imposition
of fines for the sale of liquors for the years of 1902
and 1903.    If we were to lay down such a rule, the
violators of the liquor laws in all counties in which
the county court is authorized to grant a license to sell
liquors could protect themselves against numerous
indictments by simply paying the Commonwealth
the sum equivalent to the license, had one been ob-
tained.    The appellees are not indebted to the State
for the license to keep a hotel with the privilege of
selling liquors.    They could not become so, unless
they applied for and were granted a license for that
purpose.    The principle of the case of the City of
Lexington v. Wilson, 118 Ky., 221, 26 Ky. Law Rep.,
81, 80 S. W., 811, does not apply to the facts of this
case.

 The judgment is affirmed.