## Planters Bank & Trust Co. of Hopkinsville v. City of Hopkinsville.

## First-City Bank & Trust Co. of Hopkinsville v. City of Hopkinsville.

Feb. 10, 1942.

452

Trimble & Trimble and White & Clark for appellants.

Frank Rives for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In the years 1933 to 1937, both inclusive, appellee, City of Hopkinsville, a city of the third class, enacted certain ordinances termed "privilege ordinances" by which it imposed a license or privilege fee on various businesses including bank and trust companies doing business in the city. The appellants, Planters Bank & Trust Company of Hopkinsville, and the First-City Bank & Trust Company of Hopkinsville, were and are banking institutions and come within the purview of the ordinances. The ordinances imposed a license or privilege tax of $100 a year to be paid by each such bank. The appellants having failed to pay the taxes or license fee provided in the ordinances for any of the years mentioned, in April, 1938, appellee city brought its separate actions in the Christian circuit court seeking to recover

of appellants the license fees for those years, aggregating the sum of $500 against each bank. The petition alleges the enactment of the ordinances and the failure of appellants to pay the privilege or license fees, although payment had been demanded, which was refused.

Special and general demurrers were filed to each of the petitions and without waiving same each appellant filed its separate answer and later filed their joint answers in which they denied that the ordinances were validly enacted, and further denied the right of the city to collect the license fees even if the ordinances were valid. A jury was waived and the two actions were consolidated and tried by the court. The court overruled the special and general demurrers and held valid the ordinances and entered judgment in favor of appellee against each of the appellants for the sums sued for. The two actions have been consolidated for the purpose of appeal and will be considered and disposed of in this opinion.

In brief of appellants four distinct grounds are relied on and urged for reversal of the judgment; namely, (1) none of the ordinances were validly enacted, (2) the ordinances are all invalid because they do not specify the purpose for which the taxes are levied, (3) Section 2741w-1, 1938 Supplement Kentucky Statutes (1938 Acts of the General Assembly), forbids the collection of the taxes involved, and (4) the taxes are not a contract debt and cannot be collected by private suit. We will discuss the points in the order named.

(1) Appellants insist that in adopting the ordinances the city commissioners did not comply with Kentucky Statutes, Section 3480b-13, relating to the passage of ordinances which, among other things, provides that "upon each vote the yeas and nays shall be recorded and each motion, resolution and ordinance shall be reduced to writing and read before the vote is taken thereon."

Mrs. Hattie Wood, secretary of the board of commissioners, was introduced by the city as a witness and testified from the minute book and records with reference to the proceedings had in adoption of the ordinances for the years involved. In reference to the ordinance passed in the year 1933 Mrs. Wood testified that on April 11, 1933, ordinance No. 239 was publicly read and adopted for the first time and signed by the mayor and both of the commissioners, and attested by the secretary;

that on April 18, 1933, the same was publicly read and adopted for the second time and signed and approved in the same manner as indicated above on its first reading, and that the minutes showed that on the roll call the mayor and both commissioners voted in favor of the ordinance. However, upon the final adoption of the ordinance the minute book did not expressly show that there was any roll call had but that the minute book did show that it was publicly read and adopted at the two previous meetings and signed by the mayor and both commissioners and attested by the secretary, and published as an ordinance of the city. In reference to the 1934 ordinance No. 252 the minute book and records showed that this ordinance was read and adopted for the first time on April 3, 1934, and that the mayor and both commissioners voted in favor of the ordinance; that on April 10 the same ordinance was publicly read and adopted for the second time and upon roll call the vote was unanimously in favor of the ordinance. The proceedings had in the passage of the 1935 ordinance was the same as that had on the two previous ordinances except the minutes failed to show that a roll call was had on the second reading of the ordinance and it was approved on April 9, 1935, by the mayor and attested by the secretary. It appears that the proceedings had in the passage of the 1936 and 1937 ordinances were substantially the same as that had on the preceding ones.

On cross-examination the witness was asked if any of the ordinances were publicly read throughout any of the meetings for the years 1933 to 1937, both inclusive, and the witness said she was not present in the first three years but the ordinances were not read "word for word" before the board of commissioners in 1936 and 1937. It is to be noted, however, from the witness' evidence that the minute book showed that the ordinances were publicly read. Since the city speaks by its records the record evidence must prevail as against the oral testimony of a witness contrary to the record.

In Bailey v. City of Ravenna, 280 Ky. 21, 132 S. W. (2d) 532, the validity of an ordinance was attacked upon grounds similar to the ones involved in the present case, or, we may say much stronger irregularities than the ones here involved. It appeared that the clerk was unable to locate the journal or minute book in which the yea and nay votes were recorded, nor did they show any

record evidence that the ordinance had been advertised as required by law or that the original had been signed by the mayor and attested by the clerk. We held that the presumption was that it had been signed by the chairman of the board of trustees and attested by the clerk, and had been advertised as required by law, and since there was no evidence to overcome that presumption the chancellor did not err in refusing to declare the ordinance void. Also, in the case of Tandy & Fairleigh Tobacco Company et al. v. City of Hopkinsville et al., 174 Ky. 189, 192 S. W. 46, 50, it is said:

"Furthermore, the Legislature having provided appellees with a clerk and having made it his duty to keep a true record of the general council, it can only speak by its records, which in this case show that 7 members were present. The general rule that parol evidence is inadmissible to supply omissions, contradict or explain records applies to proceedings showing corporate action of parishes, school districts, and all forms of public or municipal corporations, full or *quasi*."

We conclude, therefore, that the chancellor did not err in holding the ordinances valid.

(2) It is next insisted that the ordinance failed to specify the purpose for which the tax was levied as is required by Section 180 of the Constitution. It is provided in the ordinance:

"* * * that said license fees are hereby fixed, established, imposed and levied for the purpose of and to be paid into the General Revenue Funds of said city, * * *."

In Pure Milk Producers & Distributors Ass'ns et al. v. Morton et al., 276 Ky. 736, 125 S. W. (2d) 216, it is held that a tax or license levied for a general fund is sufficient compliance with Section 180 of the Constitution, and in Tandy & Fairleigh Tobacco Company v. City of Hopkinsville, supra, it is held that:

"A municipal ordinance which levied a license tax 'for the purpose of and to be paid into the general revenue funds of said city,' sufficiently specified the purpose for which the tax was imposed to satisfy Section 180 of the Constitution, and Subsection 12 of Section 3290 of the Kentucky Statutes."

In view of these authorities there can be no doubt

that the ordinances in question sufficiently specify the purpose for which the taxes were levied.

(3) This ground is based upon the 1938 Acts of the General Assembly which forbids a municipality of this state to impose such license tax on banks in this state and forbids the collection of any such tax. It is to be remembered that the enactment of the ordinances here in question, and the tax accruing thereunder, all occurred previous to the 1938 Act which does not even purport to be retroactive, and hence not applicable to this case.

(4) This ground involves a question of remedy or procedure for the collection of the taxes, assuming that they are payable at all. It is the contention of appellants that these license taxes are not a contract debt and cannot be collected by private suit, and to sustain their position certain authorities are cited and relied on which we will consider later. Each one of the ordinances in question contain this provision:

"In addition to the penalties provided in this ordinance for a violation thereof, the tax may be collected from the person, firm, corporation or association from whom the same is due by a civil action in any court of competent jurisdiction in the Commonwealth, and such recovery shall in no wise release said person from the payment of a fine for engaging in any business, occupation, trade or profession herein mentioned without a license so to do."

Section 3290-12, Kentucky Statutes, relating to the power and authority of cities of the third class to levy and collect taxes, license fees, etc., provides, among other things, that the city may impose license fees on franchises, trades, occupations and professions and "provide for the collection thereof." Also, Section 3398 of the Statutes, being a part of article 5 relating to revenue and taxation in cities of the third class and providing remedies for the collection thereof, reads:

"In these suits the city shall, unless there be cause to the contrary, ask for and obtain a personal judgment against the person assessed, as well as the enforcement of the lien for taxes hereinbefore given."

Appellants seek to avoid the effect or application of Section 3290-12 of the Statutes, insisting that the Legislature attempted an unconstitutional delegation of its

power and that that section of the Statutes is unconstitutional as being contrary to Section 59 of the Kentucky Constitution which provides, in substance, that the General Assembly shall not pass local or special Acts concerning certain subjects named therein, one of them being to authorize or regulate the levy, assessment, or collection of taxes. Counsel thus illustrates:

> "If the Legislature should permit Hopkinsville to enact an ordinance making taxes a debt, whereas the same law might not be in existence in Henderson or Bowling Green, such a delegation of authority would violate Section 59."

It may be conceded that had the Legislature attempted to authorize Hopkinsville or any other particular city this special power of authority it would violate Subsection 29 of Section 59 of the Constitution which provides that where a general law can be made applicable no special law shall be enacted. It must not be forgotten, however, that the section of the Statutes in question is general in its application; that is, it is applicable to all cities of the third class and any or all of such cities are granted the same power and privilege. And furthermore, under Section 3398 of the Statutes it would appear that cities of the third class may proceed to collect taxes by suit and obtain personal judgment against a person owing such taxes. Appellants insist that this section of the Statutes applies only to the collection of taxes against real estate and not license fees and other taxes. But it is authority for a personal judgment against a tax payer in addition to a lien against the property, which might be amply sufficient to secure the payment of taxes without such personal judgment. We think there is more reason for a personal judgment for the collection of privilege or license taxes, since in many such cases there is no tangible property on which a lien may be had and a sale thereof in satisfaction of the taxes, and hence if a personal judgment cannot be had against the taxpayer owing such taxes, the taxing authorities would be greatly handicapped in the collection of the taxes, if they could be collected at all.

Also, on the question of legislative authority of a city to collect taxes by a suit, in the case of Greer v. City of Covington, 83 Ky. 410, 2 S. W. 323, it is said:

> "The Legislature may authorize a city to collect taxes by suit; and where this remedy is given, it will

not be held to exclude a summary mode of collection already provided by statute, nor will it be limited to cases in which the summary mode may have proved ineffectual, unless the statute so provides."

And further on in the same opinion, it is said:

"The collection of taxes, when made in the usual mode, is an executive duty; but a court may be empowered to do, in a judicial way, what the executive branch of the government might have done. It matters not whether a tax be a debt or a duty. It is an obligation of the individual to the government; and a judgment, to be enforced by the executive, may be rendered in favor of the government as well as an individual, because it is equally a judicial act."

Appellants cite and rely on the case of Commonwealth et al. ex rel. Martin, Commissioner of Revenue, v. Stone, 279 Ky. 243, 130 S. W. (2d) 750. That case involved Sections 4023 and 4036 of the Kentucky Statutes dealing with the general laws of revenue and taxation with respect to the collection of taxes against real estate assessed by the state and counties. No question of the authority of municipalities of a particular class to collect taxes was involved in that case. Appellants also rely on the cases of Jones v. Gibson, 82 Ky. 561; Commonwealth v. Central Hotel Company, 121 Ky. 846, 90 S. W. 565, 28 Ky. Law Rep. 829, 12 Ann. Cas. 172, both of which involved the collection of license for retailing intoxicating liquors. It was held that in the peculiar circumstances and for the purpose of those taxes they did not constitute a "debt" for which a private suit might be maintained and a personal judgment obtained against the sellers of intoxicating liquors. We do not think those cases are controlling as against the authorities herein cited concerning the authority of cities of the third class, under their charter, to enforce the payment or collection of city taxes, whether it be a property tax or license tax.

We do not think that Section 3290-12 of the Statutes offends Section 59 of the Constitution and the authority granted by that Statute to cities of the third class is sufficient to authorize the appellee to enforce the collection of the taxes in question under the provisions of the ordinances aside from the provisions of Section 3398, conceding arguendo, it is not applicable.

For the reasons stated, the judgment is affirmed.