**COMMONWEALTH of Kentucky, by and on Relation of William E. SCENT, Commissioner of Revenue, Appellant,**

v.

**L. C. SMITH et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 2, 1962.

William S. Riley, Hunter B. Whitesell, Virginia R. Collins, Frankfort, James H. Amberg, Hickman, for appellant.

W. C. Tipton, Hickman, James H. Warren, Fulton, Robert D. Fry, Union City, Tenn., for appellee.

CULLEN, Commissioner.

In an action by the Commonwealth of Kentucky on relation of the Commissioner of Revenue, against L. C. Smith and others, to enforce a lien for inheritance taxes, judgment was entered dismissing the action on the ground that the inheritance tax law is unconstitutional. The Commonwealth has appealed.

The ground upon which the law was held unconstitutional was that the law does not "specify distinctly the purpose for which said tax is levied," as required by Section 180 of the Constitution of Kentucky.

The 1936 Act by which the present inheritance tax law was enacted (1936 3rd Ex.Session, Ch. 8) provided in sections 5 (4) and 12 that the proceeds of the tax should be credited to the General Fund in the State Treasury. It is conceded by the appellees that this was at that time a sufficient specification of purpose. See Planters Bank & Trust Co. of Hopkinsville v. City of Hopkinsville, 289 Ky. 451, 159 S.W.2d 25; Tandy & Fairleigh Tobacco Co. v. City of Hopkinsville, 174 Ky. 189, 192 S.W. 46.

**558**

In the general revision of the statutes in 1942 the above-mentioned provisions of the 1936 Act were omitted on the ground that they were covered by KRS 47.010 (a general section stating that with certain exceptions all state revenue shall be credited to the General Fund). The appellees maintain that this general section is ineffective because Section 180 of the Constitution requires that each tax law contain its own individual specification of purpose, with the result that there is now no valid specification of the purpose of the inheritance tax law.

It is our opinion that Section 180 requires only that a tax Act contain a specification of purpose *at the time it is enacted,* and that it is not necessary that the Act continue thereafter to carry the specifying provision. No subsequent repeal of the specifying provision, nor amendment undertaking to specify a different purpose, could be valid because of the prohibition in Section 180 against devoting a tax to a purpose other than that for which it was levied. See Unemployment Compensation Commission v. Savage, 283 Ky. 301, 140 S.W.2d 1073.

It is sufficient under Section 180 that the 1936 Act contained a provision specifying the purpose of the tax, and the subsequent omission or repeal of that provision (regardless of the effectiveness of KRS 47.010) could not render the Act invalid. The judgment holding the Act unconstitutional is erroneous.

In the trial court the appellees pleaded two defenses (other than the one of unconstitutionality of the statute) which the court found it unnecessary to pass upon. The appellees suggest that this Court should pass on those two defenses. In view of the state of the record, and particularly the fact that only a portion of the record was designated and the appellant's Statement of Points lists the constitutional question as the only one to be argued, we deem it inappropriate for us to consider the issues that the trial court did not pass upon. See Clay, CR 75.04, Comment.

The judgment is reversed.