COMMONWEALTH of Kentucky, by and on relation of James V. MARCUM, Commissioner of Revenue, Appellant,

v.

L. C. SMITH et al., Appellees.

Court of Appeals of Kentucky.

Feb. 7, 1964.

missioner of Revenue from the 1962 judgment.

William S. Riley, Dept. of Revenue, Virginia R. Collins, Dept. of Revenue, Frankfort, James H. Amberg, Hickman, for appellant.

W. C. Tipton, Hickman, James H. Warren, Fulton, Robert D. Fry, Union City, Tenn., for appellees.

CULLEN, Commissioner.

Mrs. Ruth Boaz, a resident of Mississippi but who owned five tracts of land in Kentucky, died intestate in 1951. No administration of her estate was had in Kentucky, but an inheritance tax return was filed by her heirs in 1952 and a determination of tax was made by the Kentucky Department of Revenue in 1953. Before the return was filed her heirs had sold four of the tracts of land. In 1958 the Commissioner of Revenue brought the instant action against the heirs and the purchasers of the four tracts to enforce a lien for the inheritance tax. In 1959 a partial judgment was entered determining the tax liability of the estate of Mrs. Boaz and ordering a sale of the one tract of land that the heirs still owned. That tract was sold but the proceeds were not sufficient to satisfy the tax liability. The action then was submitted on the claim for enforcement of a lien against the other four tracts. The trial court entered judgment in 1961 dismissing the claim on the ground that the inheritance tax law was unconstitutional. That judgment was appealed and was reversed. See Commonwealth by and ex rel. Scent v. Smith, Ky., 353 S.W.2d 557. Upon remand of the case, in 1962, the trial court entered another judgment dismissing the claim on the grounds that the plaintiff had failed to prove his allegation (denied by answer) of taxes due and owing, and had failed to perfect a lien that could be enforced against the defendants as bona fide purchasers for value. The instant appeal is by the Com-

Certified copies of the records of the Department of Revenue showing the assessment of the Boaz inheritance tax were attached to the complaint in this action as exhibits. The appellees concede that had these copies been introduced *in evidence* they would have been sufficient to establish, prima facie, the validity of the assessment, but the appellees maintain that the mere attaching of the copies to the complaint as exhibits did not give them any evidentiary force. (No evidence was introduced in the case.)

We do not consider it necessary to pass upon the question of whether an exhibit to a complaint can have evidentiary force (at least in an action tried by the court without a jury), because in our opinion the 1959 partial judgment in this case eliminated the validity of the tax assessment as an issue in this case.

The 1959 judgment followed a pretrial conference of which all the defendants were given notice. It recited that "that portion of this case involving the tax liability of the estate of Ruth Taylor Boaz" had been submitted, and it adjudged that there was due and owing to the State of Kentucky a specified amount of tax, interest and penalty. Subsequent to the entry of this judgment no motion or order was made to put back in issue the question of the validity and amount of the tax assessment.

CR 16 provides that a pre-trial order limits the issues and "controls the subsequent course of the action, unless modified at or before the trial to prevent manifest injustice." The 1959 judgment had all of the features of a pre-trial order and in our opinion the issues eliminated from the case by that order could be reinstated only upon a modification of the order, and then only to prevent manifest injustice. The law is well settled that the parties are bound by a pre-trial order. See Sapp v. Massey, Ky., 358 S.W.2d 490.

Since the question of the validity and amount of the tax assessment was no longer in issue at the time of the entry of the 1962 judgment, the court erred in dismissing the complaint for a lack of proof of the assessment.

The second ground upon which the complaint was dismissed was that the tax lien could not be enforced against the four tracts of land which the heirs of Mrs. Boaz had sold to the other defendants, because the state had not filed notice of the tax lien in the office of the county court clerk before the sales were made. The sales were made a few months after the death of Mrs. Boaz in 1951. The heirs did not file a tax return until 1952, and the tax assessment was not made until 1953. A lien notice was filed with the county court clerk after the assessment was made.

A question of statutory interpretation is presented. KRS 140.190, which is a part of the inheritance tax law, provides that an inheritance tax shall be a lien *on the property transferred* (i. e., the property passing from the decedent to the heirs, legatees or devisees) until the tax is paid. As to personal property it provides that the lien shall not affect the property after it has passed to a bona fide purchaser for value, but as to real property it says only that the lien may be discharged by payment of the tax. Another statute, KRS 134.420, which is a part of the general tax laws, provides for the existence of a lien *on all of the property* of a taxpayer who owes any of various kinds of taxes, including inheritance tax. This statute calls for the filing of a notice of lien with the county court clerk, which shall be constructive notice of the lien, and it states that the lien shall not be good as against a purchaser for value without actual or constructive notice.

■ There is nothing in the history of the two statutes to furnish a basis for giving one complete precedence over the other, so they must be reconciled and both be given effect as far as possible.

■ We think that KRS 140.190, with reasonable clarity, provides that there shall be a lien *on the property transferred* which, as respects real estate, shall be valid as against a purchaser for value without any notice of lien having been filed. Since the meaning of the statute is clear, there is no application of the rule stated in Louisville Title Mortgage Co. v. Commonwealth ex rel. Unemployment Compensation Commission, 299 Ky. 224, 184 S.W.2d 963, that an ambiguous tax lien statute will not be construed to make the lien enforceable as against purchasers for value without notice of lien having been filed prior to the purchase. The statute as so construed does not impose any unfair or unreasonable burden because any purchaser of property from a decedent's estate may reasonably be charged with notice that the property may be subject to inheritance tax liability.

■ KRS 134.420, on the other hand, imposes a lien on *all property* of a taxpayer, including property not involved in any taxable transfer or transaction. The purchaser of the latter kind of property would have no way of knowing of the possible existence of the lien without notice of lien having been filed. So the legislature has prescribed that the lien under KRS 134.420 shall not be valid against a purchaser for value unless notice has been filed. It is true that this statute, as it relates to inheritance taxes, in terms applies to the lien on the property transferred as well as on other property. But KRS 140.190 provides for a lien on the property transferred that is effective against a purchaser of real estate without notice having been filed. In our opinion a proper reconciliation of the two statutes requires that, with respect to inheritance taxes, KRS 134.420 be considered to apply only to property other than the property transferred.

It is our conclusion that the trial court erroneously dismissed the complaint.

The judgment is reversed with directions to enter judgment for the plaintiff.